ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error*, v. HENRY BRASH, *Defendant in Error*.

### Opinion Filed February 24, 1917.

1.  Where a recovery is sought in damages against a railroad corporation by one who as a passenger sustained injuries resulting from the negligent operation of the train and that a disease affecting his nerves was superinduced by the physical injuries sustained in the railroad accident, it is incumbent upon the person seeking compensation in damages to show with reasonable certainty that the diseased nervous condition from which he suffers resulted from the injuries sustained in the railroad accident.

2.  'A hypothetical question propounded to a physician as to whether a diseased nervous condition of the plaintiff resulted from a certain railroad accident, should embrace what, if any, physical injury the evidence tended to show the plaintiff sustained in such accident.

3.  A hypothetical question improperly framed, but allowed over proper objection, does not constitute reversible error, if the person to whom it is directed admits his inability to answer the question as framed.

4.  Where it appears from the evidence that a verdict for damages

is excessive and the evidence does not disclose the extent of the injuries actually sustained, nor their consequences, a judgment based upon such a verdict will be reversed.

Writ of Error to Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*Sparkman & Carter,* for Plaintiff in Error;

*H. C. Gordon, Victor H. Knight* and *M. Henry Cohen,* for Defendant in Error.

PER CURIAM.—Henry Brash recovered a judgment against the Atlantic Coast Line Railroad Company for the sum of $4,100.00 in the Circuit Court for Hillsborough County in an action for damages for personal injuries sustained by him while riding as a passenger on the railroad of the company. A writ of error was taken by the defendant below in that judgment, and so it is here for review.

Henry Brash on the 4th day of May, 1914, became a passenger on the defendant's railroad to be carried from Tampa to Plant City. Before the train arrived at the passenger's destination, through negligence of the defendant's employees, the train collided with other cars of the defendant standing upon the track. The defendant in error Brash claimed to have sustained some injuries as the result of the accident, that he became sick and disordered and has suffered from a nervous disease, and is still so suffering, and has suffered pain, all of which has prevented him from attending to the duties required of him by his business and occupation.

The motion for a new trial, which was overruled,

attacked the verdict upon the grounds that it was contrary to law, contrary to the charges of the court and to the evidence, and was excessive. The overruling of this motion constitutes the basis of the first assignment of error. Counsel for plaintiff in error discuss all the grounds of the motion together. Counsel for plaintiff in error insist in the discussion of the first assignment that the evidence was not sufficient to show that the disease from which Brash was suffering was caused by the accident referred to in the declaration, but on the contrary the testimony of two physicians called as witnesses by the defendant shows that the disease could not have been caused by the accident.

There was ample evidence to show that Brash is a sufferer from nervous disease, one physician called it "neurasthenia." Brash has been treated by this physician for that disease since a day or two after the accident, who had not treated him for any disease prior to that time since January, 1910, prior to which date Brash had been treated by him for chronic neuralgia, but had been discharged. When the accident occurred Brash seemed to have sustained no personal injuries like bruises, cuts and wounds and broken limbs, but he was as he said jostled and thrown backward and forward in his seat. His "head struck the seat in front and very forcibly" and threw him back, and he was thrown upon his left hand and struck his side against something. There was much confusion and noise, dust and showers of broken glass, but Brash left the car, mingled with the other passengers, complaining slightly of a sprained wrist, and his back which he said "hurt him." That evening his pains increased, he treated his own ailments without success, and returned home. According to his testimony his present condition is that of one suffering from a "nervous break down." He cannot

sleep at times; when he is quiet and composed he can attend to his business, but little exertion incapacitates him and his business suffers from lack of his attention. His back gives him much trouble, and his neck pains him and his "spinal column is all curved" he said.

There are some facts appearing in the evidence which were used as circumstances from which the inference was sought to be drawn that the disease, from which the defendant in error is suffering, was attributed to the accident of May 4th, 1914.

The verdict was undoubtedly rendered upon the theory that the nervous condition of the defendant in error was not only a permanent condition, but that it was the result of the accident. This is apparent from the fact that the injuries sustained by Brash so far as any outward or bodily evidences of them were concerned were very slight. The jury therefore must have relied upon his statements as to the nature of his injuries, and their consequences. As to their probable duration and permanent character there is no evidence, expert or otherwise, upon which to base a conclusion reasonably certain. It should appear from the evidence with reasonable certainty that the diseased condition of the defendant in error resulted from the injuries received by him in the railroad accident, and not be left to speculation and guesswork on the part of the witness materially interested, in the recovery of damages.

The hypothetical question propounded to the witness Dr. Helms, was we think improperly allowed, because the question omitted a very material fact, namely, the physical injury actually sustained, or the injury which the evidence may have tended to show was sustained. The reply, however, seems not to have been harmful, as the witness acknowledged his inability to answer.

We think the verdict was excessive, and as we are not advised from the record of the extent of the injuries actually received, nor their consequences, we cannot direct a remittitur.

The judgment is reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.