Strum, J.
 

 This is a writ of error to a final judgment quashing an alternative writ of mandamus.
 

 Two questions are presented here. First, the validity in certain respects of Section
 
 2
 
 of Chapter 7806, Acts of 1919, now Section 994, Comp. Gen. Laws, 1927, prescribing the method by which tax sale certificates held by the
 
 State
 
 were formerly redeemed. Second, whether or not the current taxes for the year in which the redemption occurs, if after April 1st, must be paid as a prerequisite to the redemption of such certificates. This case arose prior to the enactment of Chapters 13880 and 14572, Acts of 1929, the latter amendatory of Section 994,
 
 supra.
 

 Relator below, who is plaintiff in error here, is the owner of certain lands in Dade County. On September 29, 1925, the lands were sold for unpaid State and county taxes for the year 1924, the certificate evidencing such sale being
 
 *1396
 
 purchased by an individual. On July 5, 1926, the lands were again sold and certificate issued to the State for unpaid State and county taxes for the year 1925.
 

 On July 27, 1927, the relator being desirous of redeeming the two outstanding certificates, tendered the respondent clerk of the circuit court the face of the two certificates, together with interest and costs, and also the amount of the omitted taxes for 1926. The clerk declined to accept said sum or to cancel said certificates, because the sum tendered did not include estimated State and county taxes for the year 1927, the year in which the redemption was sought. The clerk bases his refusal upon the provisions of Section 2 of Chapter 7806, Acts of 1919, now Section 994, Comp. Gen. Laws, 1927, contending that since the redemption is sought in the year 1927, and subsequent to April 1st of that year, relator must also pay the taxes for the year 1927, estimated as prescribed by the statute mentioned.
 

 Thereupon mandamus was instituted against the clerk to compel him to accept the sum tendered by relator and to cancel said certificates without payment of 1927 taxes. To a final judgment below sustaining the respondent clerk’s contentions and quashing the alternative writ, relator took writ of error.
 

 The provisions of Section 2, Chapter 7806, Acts of 1919, now Section 994, Comp. Gen. Laws, 1927, pertinent to this controversy are:
 

 “The clerks of the circuit courts * * * are hereby authorized and directed to allow the redemption or purchase * * * of any and all certificates held by the State of Florida that were issued in the year 1918 and subsequent years, upon the payment of the amount of such tax certificate or certificates, * * * with interest thereon from the date of such certificates at the
 
 *1397
 
 rate of twenty-five per cent, per annum for the first year and eight per cent, per annum thereafter, and the payment of any and all subsequent unpaid or omitted taxes due on the land to be redeemed or purchased, including taxes for the year in which such redemption or purchase is made, if after the first day of April, with interest thereon * * *, ’ ’ etc.
 

 A number of constitutional objections to the validity of the quoted statute are advanced in the alternative writ, only a few of which are urged here. The substance of those argued here is that the statute in question is repugnant to Art. IX, Sec. 1 of the Constitution, which requires a just valuation and a uniform and equal rate of taxation. This contention is based upon the assertion by the relator, first, that the amount exacted for the year of redemption, when ascertained by estimate before the millage for that year is fixed, may amount to a greater sum than if the assessment had been made in the normal manner, and hence more than other taxpayers will pay for that year, due to a possible decrease in the rate of assessment for that year when the millage is fixed by the county commissioners; and, second, that if one redeeming a certificate held by the State (after April first) is required to pay taxes for the current year of redemption, then the requirements for such redemption are more onerous to the redemptioner than the method prescribed by other statutes for redeeming tax certificates held by an individual, it being unnecessary in the latter case to pay such current taxes. Complaint is also made because a compliance with the statute would compel relator to pay her 1927 taxes earlier than the due date of non-delinquent taxes, which is November 1st.
 

 Assuming, without deciding, the basis of relator’s assertions to be correct, no violation of Art. IX, Sec. 1 of the Constitution results. The requirement complained of is
 
 *1398
 
 imposed wholly by way of penalty for delinquency. The penalty is not a part of the tax. It has no application if the property owner pays his taxes within the time prescribed by law. It does not affect the valuation of the property nor the rate of taxation. Moreover, there is no constitutional requirement that all penalties for delinquency shall be identical. Reasonable classifications may be made in the imposition of penalties, as well as in the original levy of a tax. See Western Union Tel. Co. v. Indiana, 165 U. S. 304, 41 L. Ed. 725.
 

 That a delinquent taxpayer who desires to redeem a certificate held by the State shall pay, in addition to the face of the certificate and interest, the current year’s taxes, is not an unreasonable exaction or delinquency. That a similar requirement does not obtain in cases of redemption of tax certificates held by individuals, if that be the case, is not arbitrary nor unlawfully discriminatory, for reasons which will hereafter appear. Nor would such a difference in the requirements for redemption in the two cases destroy equality or uniformity in taxation, as neither the rate nor the valuation are affected if the tax is seasonably paid. It is wholly a matter of penalty for delinquency.
 

 The statute under consideration clearly requires that when redemption of a certificate held by the State is sought pursuant to that statute, taxes for the current year in which the redemption is sought, estimated as prescribed by the statute, shall be included in the amount necessary to redeem, if redemption occurs after April 1st. We can discern no other meaning in the language used. In this case, taxes for 1927 must be paid.
 

 The reason for the requirement is plain. When lands are bid in by the State at a tax sale, such lands are not assessed for subsequent years, but' appear on the tax rolls
 
 *1399
 
 with the notation, “state tax certificate.” Snch lands are thereafter spoken of as “omitted,” and remain so as long as the tax certificate is outstanding and held by the State. Sec. 984, Comp. Gen. Laws, 1927.
 

 By Sections 913 and 917, Comp. Gen. Laws 1927, property owners are required to make tax returns for each year on or before April 1st, showing their taxable property for that year. The tax assessor commences making up his rolls early in the calendar year, and is required to complete the same by the first Monday in July. Sec. 929, Comp. Gen. Laws 1927.
 

 If an outstanding certificate held by the State is redeemed prior to April 1st of a given year,.ample opportunity is afforded the tax assessor to make the appropriate entries on his books so that the lands will be properly assessed to,its owner for that year. If, however, the redemption occurs after April 1st, when all owner’s returns' presumably have been submitted, and when the land would appear on the tax rolls as assessed to the State and not to an individual or as “unknown,” there is a strong likelihood that the assessor might not learn of the redemption, and that the land was again subject to taxation, in time to make the appropriate assessment on his boobs, in which event the land would continue to appear as “State land” and would escape taxation for that' year. It was clearly the intention of the legislature to obviate such possibility by requiring the present payment of current taxes at the time a state certificate is redeemed, if after April 1st.
 

 This situation would not obtain in the case of a certificate sold to an individual. In that event, taxes for subsequent years are assessed as if no certificate had been issued, so that there is no occasion for a mistaken omission from current taxation when a redemption of a certificate occurs late in the year. The facts just' stated afford a just and
 
 *1400
 
 reasonable ground for requiring paytaent of current taxes when redeeming from a certificate held by the State, even though such requirement does not apply to the redemption of a certificate held by an individual.
 

 Affirmed.
 

 Whitfield, P. J., and Buford, J., concur.
 

 Terrell, C. J., and Ellis and Brown, J. J., concur in the opinion and judgment.