E. E. ALLEY COMPANY and CONTINENTAL CASUALTY COMPANY, *Plaintiffs in Error,* v. J. K. BALL and R. L. JOHNSON, *Defendants in Error.*

136 So. 704.

Division B.

Opinion filed September 29, 1931.

*Hampton & Greene*, of Ocala, for Plaintiffs in Error;
*A. P. Buie*, of Ocala, for Defendants in Error.

DAVIS, J.—This writ of error was taken to a judgment rendered against the claimant in a claim proceeding had under Section 5283, C. G. L., 3430 R. G. S., and Sections 4517 to 4521 C. G. L., 2830 to 2834 R. G. S. By stipulation the trial was had before the court without a jury, and at the conclusion of the claimant's evidence the plaintiff in attachment moved the court for a directed verdict. The motion was granted and subsequently a new trial was denied. The appeal presents the question as to whether or not

the court below erred in directing a verdict for the original plaintiff in attachment, J. K. Ball, at the close of the claimant's case.

Ball's attachment was issed and levied on November 2, 1929, against certain hotel furnishings alleged to be the property of one R. L. Johnson, the defendant in a suit brought by Ball to recover the sum of $425.30 for labor and materials furnished by the plaintiff who was a contractor. The goods levied upon were in the possession of Johnson, who, as the operator of the Hoffman Hotel at Ocala, had ordered the same on October 16, 1929, from the E. E. Alley Company, the claimant. About the same time Ball, the plaintiff in attachment, had performed certain work and furnished certain material to said R. L. Johnson in connection with improving the hotel properties.

The question involved on the trial was whether or not Ball as an attaching creditor of R. L. Johnson acquired rights to the attached property against the vendor of that property E. E. Alley Company, who undertook to re-take the property under a rescission of its sale of the same to Johnson. The Alley Company claimed the right to rescind on the ground that the sale of the goods attached in Johnson's hands had been obtained by him by fraud on his part as the purchaser, thereby entitling the seller to revoke the sale and recover the goods while they remained in the hands of such purchaser.

The evidence shows that one Ridgewood Phillips, a travelling salesman, travelling for E. E. Alley Company, a New York house, visited Ocala in 1929 and came in touch with Johnson; that Johnson represented to Phillips in substance that he owned the hotel he was then occupying known as the Hotel Hoffman and also had a long lease on the building behind it. Johnson also stated to Phillips that he had sold a farm in Georgia for $75,000.00 and had $25,000.00 coming in shortly by reason of such sale. These representations were wholly false. Two orders for linens on October

16, 1929, amounting to $75.00 and $42.75, respectively, were taken by Phillips. They were shipped to Johnson on open account. Thereafter on October 23rd, two additional orders were taken by Phillips for similar merchandise which was shipped and billed on open account. These two orders were for $117.75 and $215.18, respectively. On October 29th an additional small order of $20.50 was placed. All these goods were ordered for use in the hotel.

The plaintiff Ball began his contract work for Johnson before Phillips appeared on the scene and never had any contract with Phillips or E. E. Alley Company. Ball's work seems to have been under way before the first orders were placed by Johnson with the E. E. Alley Company on October 16th. In accepting the orders and shipping the merchandise on credit the claimant E. E. Alley Company offered evidence tending to show that it relied upon the information reported by Phillips as coming from Johnson, which information, as we have referred to above, was wholly false. Johnson left Ocala and the State of Florida about the last of October, 1929, in the company of Ball, who drove him to Valdosta where Johnson disappeared. Thereafter he never returned to the State, as the result of which the writ of attachment was sued out by Ball and the claim proceeding of plaintiff in error, the E. E. Alley Company, was instituted.

In Upchurch v. Mizell, 50 Fla. 456, 40 So. 29, this court said:

> "A person who buys goods upon credit thereby impliedly, if not expressly, represents that he intends to pay for them. If, therefore, he then has no such intention, and a fortiori if he has then a present intention not to pay for them and conceals this fact from the seller, there is such a misrepresentation of a material fact as will entitle the seller to avoid the sale. This intention must be one existing at the time of the sale, and not merely one formed after the sale. It may be inferred from the circumstances. 2 Mecham on Sales, Sec. 901-903, and notes."

In Hammond v. Lynes, 21 Fla. 118, this Court held that a sale of goods obtained under false and fraudulent representation works no change of property *or title* while the goods remain in the hands of the purchaser and that such a sale may be avoided by the vendor who is entitled to maintain an action in replevin for his goods.

It seems clear from the testimony to which we have made reference that in the absence of any denial or explanation or rebuttal of same that, under the foregoing authorities, the evidence introduced, and before the court at the time the motion for directed verdict was made and granted, would have been sufficient to at least have gone to a jury on the trial if the action had been brought by the E. E. Alley Company, the vendor, directly against R. L. Johnson, its alleged fraudulent vendee.

So the question to be decided here is one of law,—that is, whether or not the rights of the attaching creditor Ball were shown by the evidence to be superior to that of the defrauded vendor of such property so as to have warranted the court below in directing a verdict in favor of Ball, the attaching creditor, as against the alleged defrauded vendor, E. E. Alley Company. The court did not itself try the facts or as a trier of the facts find any verdict on the facts. So there is no question except the legal one of the propriety of directing a verdict under the claimant's evidence.

Although the cause was tried in the court below before the court without a jury, it seems to be recognized in this State that the same procedure should be followed on such a trial as would be applicable if a jury was present. In Manatee County State Bank v. Wade Packing Co., 56 Fla. 492, 47 So. 927, it was held by this Court that the fact that the trial was by the judge without a jury and that the finding and judgment were excepted to does not dispense with the necessity of a motion for a new trial to present in the appellate court the question of the sufficiency of the evidence to sustain the finding and judgment. On the same

theory as that on which the foregoing case was decided, it seems to us that a motion for a directed verdict made on the trial of a cause before the judge without a jury should be governed by the same principles of law and tested by the same considerations as would be applicable to such a motion if a jury was present. If, therefore, it would have been error for the Circuit Court in this case to have granted the motion for a directed verdict on a question of law had a jury been present, it was likewise error for the court to have granted such motion for a directed verdict where the jury was waived.

The rule established in this State is that if no evidence is introduced upon which a jury may lawfully find a verdict for one party a direction may be given to find for the opposite party, but the judge should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the other party can be sustained. In all cases where there is room for difference of opinion between reasonable men as to the existence of facts from which an ultimate fact is sought to be established, or when there is room for such difference as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not the views of the judge. Rogers Co. v. Meinhardt Bros. & Co., 37 Fla. 480, 19 So. 878.

It is also the rule that in directing a verdict, the court is governed practically by the same rules that are applicable in demurrers to evidence. Gunn v. Jacksonville, 67 Fla. 40, 64 So. 435; Anderson v. Southern Cotton Oil Co. 73 Fla. 432, 74 So. 975. And it is also well established that the considerations and legal principles that guide the judicial discretion in directing a verdict and in granting a new trial on the evidence are not the same. Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Bayshore Co. v. Bonfoey, 75 Fla. 455, 78 So. 507.

In this case in the Court below the plaintiff in attachment, Ball, offered no evidence. The only evidence which was offered in the case at all was that offered by the claimant E. E. Alley Company in support of its right to take back the good that it had sold after rescission of the sale because of the vendee's fraud. The court below in granting the motion for a directed verdict ruled upon a proposition of law and determined that proposition in favor of the plaintiff in attachment. Even if it be conceded as contended by defendant in error that a verdict of the court on the facts is entitled to the same weight as a verdict of a jury and should not be reversed in the appellate court for any less substantial reasons than we have held to be necessary to warrant new trials in cases tried before juries, the action of the trial court in this case in granting a directed verdict can not be tested by this consideration because the rule governing the direction of verdicts and the granting of new trials is not the same.

The evidence offered by the claimant in support of its claim in the court below was sufficient to entitle it to a trial on the facts. If a jury had been present, it was sufficient to require the submission of the cause to the jury and the fact that a jury was waived by the parties did not dispense with the right of the claimant to have the case tried before the judge as a question of fact and not summarily disposed of on a proposition of law.

A party moving for a directed verdict admits facts stated in evidence adduced and every conclusion favorable to his adversary fairly inferable therefrom. A verdict should not be directed for the plaintiff in attachment in a claim proceeding where some substantial evidence tends to prove issue for the claimant. See Commercial Credit Co. v. Parker, 101 Fla. 928; 132 So. 640.

The court erred in directing a verdict in the court below, and for such error the judgment must be reversed and a new trial granted.

Reversed for a new trial.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.