J. R. LAWRENCE, *Plaintiff in Error*, vs. WILSON CYPRESS COMPANY, *Defendant in Error*.

140 So. 630.

Division B.

Opinion filed April 4, 1932.

Petition for rehearing denied May 10, 1932.

*E. Hood Wilkerson*, for Plaintiff in Error;

*Maguire & Voorhis* and *J. W. Hunter*, for Defendant in Error.

PER CURIAM.—This was an action to recover damages for personal injuries. Four trials were had in the court below. The first trial resulted in a mistrial. The second trial resulted in a verdict for plaintiff in the sum of $37,-500.00, which was set aside by the court as excessive, and a new trial granted, which was proper under the ruling of this Court in A. C. L. R. R. Co. v. Brash, 73 Fla. 478, 74 Sou. Rep. 503, and kindred cases. The third trial resulted in another mistrial, after which a fourth trial was had. At the fourth trial, the Court directed a verdict for the defendant, and the case is here on writ of error from the judgment for defendant entered on such directed verdict.

A majority of the court are of the opinion that under the rule governing directions of verdicts in civil cases so often laid down by this Court, there was error in directing a verdict for the defendant at the fourth trial. See Williams v. Sherry, 94 Fla. 998, 114 Sou. Rep. 849. At that trial the evidence was sufficient to take the case to the jury, and that being so, the court should not have directed a verdict for defendant, even though the nature of the evidence might have been such that the court would have

felt warranted in setting it aside on defendant's motion for a new trial. See Woods v. A. C. L. R. R. Co., 100 Fla., 909, 130 Sou. Rep. 601.

The rule governing direction of verdicts is different from that governing the granting of new trials. The fact that the court would have been authorized to grant a new trial in the case now under consideration, had a verdict for plaintiff been returned at the last trial, did not authorize the court in directing a verdict for defendant under the circumstances shown in the case. See Carney v. String-fellow, 73 Fla. 700, 74 Sou. Rep. 866; Alley Co. v. Ball, 102 Fla. 1037, 136 Sou. Rep. 704.

Reversed for a new trial.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.