D. LEE, *Appellant*, vs. WALTER-KEOGH, INCORPORATED, a Florida Corporation, CENTRAL FARMER'S COMPANY, as Trustee, a Florida Corporation, T. C. WILLIS, J. C. WAGEN AND JULIUS M. BURGUIERES, *Appellees*.

141 So. 131.

Division B.

Opinion filed April 19, 1932.

*Joe Hatfield*, for Appellant;

*O. E. Falls*, for Appellees.

WHITFIELD, J.—A party owning a state and county tax sale certificate and also municipal tax sale certificates, brought suit in the Circuit Court under Chapter 14572, Acts of 1929, to foreclose the liens of both classes of certificates. Parties claiming an interest in the land were made defendants. The Court struck the portion of the bill of complaint which includes the municipal tax certificates, upon motion the grounds of which are that municipal tax liens cannot be foreclosed under Chapter 14572 and that municipal tax liens cannot legally be foreclosed in the

Circuit Court. Complainant appealed. Even if equity has not inherent power to enforce tax liens, 37 Cyc. 1242, Section 5034 (3228) Compiled General Laws, 1927, provides:

"All liens of any kind, whether created by statute or the common law, and whether heretofore regarded as merely possessory or not, may be enforced by proceedings in chancery."

The statutes also contain the following:

"All real and personal property shall be subject to taxation on the first day of January of each year, and this Chapter shall create a lien upon such property for the purposes thereof superior to all others, which lien in addition to the provisions of this Chapter for the collection of taxes on personal property may be enforced by suit in equity." Sec. 896 (696) C. G. L. 1927.

"The city or town council, shall have power to raise, by taxation and assessment upon real and personal property, and by license on professions, business and occupations carried on within the corporation, all sums of money which may be required for the improvement and good government of the city, and for carrying out the powers and duties herein granted and imposed; and to enforce the receipt and collection of the same in the manner now provided by the laws of the State for the assessment and collection of State taxes and licenses. Sec. 3000 (1890) C. G. L. 1927.

The statutes authorize tax sale certificates which are liens for taxes to be transferred to private parties. Administrative deeds conveying lands for non-payment of taxes, are by statute required to contain the following:

"Provided, however, that said land shall continue subject and liable for any unpaid taxes thereon." Sec. 1003 (799) C. G. L. 1927.

See also Poekel vs. Dowling, 101 Fla. 1171, 132 So. 836.

In order to pass a good title for non payment of taxes, Chapter 14572, Acts of 1929, authorized any holder of a certificate of tax sale or a tax deed to foreclose in chancery

"The lien of such certificate or deed, and the practice, pleading and procedure for foreclosure shall be in accordance with the practice, pleading and procedure for foreclosure of mortgages on real estate, except as herein otherwise provided and except that no personal judgment shall be given." Section 13.

"In suits brought on tax sale certificates or deeds held by the State of Florida, or any individual or corporation, as many tax sale certificates and/or deeds on lands in the same county may be included in one suit as the complainant may desire and as many parties may be made defendant as may be necessary. All those having or claiming any interest in any lands embraced in any of such tax sale certificates or deeds, by reason of ownership, lien or otherwise, may be made parties to such suits, and personal service of process and constructive service by publication shall be made in accordance with the law applicable to the foreclosure of mortgages upon real estate unless otherwise herein provided." Section 15.

The "decree shall have the force and effect of a decree foreclosing a mortgage on real estate." Section 23.

"The purchaser at any sale in suits for foreclosure of tax certificates or deeds shall be entitled to a deed and the same process and remedies to obtain possession of the premises as in suits for the foreclosure of mortgages. The title to the land conveyed by such deed shall be indefeasible as to all parties defendant in the action." Section 28.

A purpose of Chapter 14572 being to enable the holder of a tax sale certificate or a tax deed to procure a good title by foreclosure of the tax lien, the effect of the statutory provisions, taken with the general powers of a court of chancery, is to authorize all tax liens to be adjudicated in a foreclosure suit under Chapter 14572, so that title to the land conveyed by foreclosure decree and sale "shall be indefeasible."

The holding here does not conflict with State ex rel Dofnos Corp. v. Lehman, 100 Fla. 1401, 131 So. 333. While it was said in that case that Chapter 10040, Acts of 1925

and Chapter 14572, Acts of 1929 ''apply to state and county taxes and have no relation whatever to municipal taxes or certificates'' the situation there presented was different from the case at bar, in which it is held that a Court of Chancery having acquired jurisdiction under Chapter 14572, Acts of 1929, to foreclose state and county tax certificates under that Chapter may also foreclose municipal tax certificates outstanding against the same property.

Reversed.

BUFORD, C.J., AND TERRELL AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., dissent.

ELLIS, J. (Dissenting).—Chapter 14572, Acts 1929, has no relation to the so-called tax lien certificates issued by municipalities in this State. The history of the act and the subject with which it attempts to deal shows most clearly that it relates to taxes levied for State and County purposes and deals only with certificates issued by County Tax Collectors who in performing that function act in the capacity of administrative officers for both State and County.

Municipal taxation is a wholly different subject although the authority of a municipality to exercise the power of taxation is a delegated power either expressly or impliedly given by the State, the levy and collection of the taxes for municipal purposes proceed by methods that may vary in each municipality according to terms of the municipal charter and the process is in no wise related to State and County procedure which is uniform throughout the State, neither is the State or County interested in the revenue to be derived nor the means by which it is secured.

The above view of this subject was apparently taken by the Legislature of 1931 which by Chapter 15038 provided for the foreclosure of municipal tax certificates and special assessments by the city or town by suit in chancery. The entire subject of the enforcement of municipal tax certificates, or liens for taxes where no provision is made for

issuing tax certificates and the enforcement of liens for local improvements, was treated by that act which particularly relates to the activities of cities or towns in such matters. Provision is made in the statute for the enforcement by proceedings in chancery of such liens only in the name of the particular city whose revenue is involved. The subject is completely dealt with by the act and its provisions thus exclude any and all other methods of procedure.

In the case of State ex rel Dofnos Corporation v. Lehman et al., 100 Fla. 1401, 131 South. Rep. 333, this court clearly stated that the "title and text" of Chapter 14572, *supra*, "show conclusively that they apply only to State and County taxes and have no relation whatever to municipal taxes or certificates." I do not regard the language of the court as mere obiter dictum which may be swept away by the statement that the "situation" in that case was different from the case at bar. Most cases present situations different from those of all other cases which have preceded them, but the purpose and effect of Chapter 14572, *supra*, remain the same in all situations in which its provisions are sought to be utilized either by way of aggression or defense. The municipality in the Dofnos case, *supra*, sought to utilize the provisions of the act to resist the mandamus for a reassessment of the property and this Court said that both "title and text" of the act show conclusively that they have no "relation whatever to municipal taxes or certificates."

Neither do I regard the act in any of its provisions as in anywise relating to mechanics or materialmen's liens nor that chancery has jurisdiction to enforce under its general power any so-called "tax certificate liens."

I therefore think that the order of the Court should be affirmed.

BROWN, J., concurs.