J. T. Price, *et al., Plaintiffs in Error*, v. Margaret Gray, *et al., Defendants in Error*.

149 So. 804.

Division B.

Opinion Filed Sept. 24, 1932.

Opinion on Rehearing Filed Aug. 1, 1933.

*Thomas W. Fielding* and *Zach H. Douglas,* for Plaintiffs in Error;

*Gage & Polhill, S. E. Simmons* and *Baxter & Clayton,* for Defendants in Error.

Per Curiam.—Margaret Gray, joined by her husband, L. J. Gray, brought ejectment against J. T. Price and O. H. Carpenter, to recover, possession of the East Half of Section thirty-three, township eight, range seventeen, containing 320 acres. Upon the trial, the Court instructed a verdict for the plaintiffs, and recovery was had of possession of the

land and $115.00 damages for mesne profits against J. T. Price. The writ of error here considered was taken to that judgment.

The learned Judge before whom the case was tried held that, because the tax deed under which the defendant J. T. Price claimed title and right to the possession of the land, showed that the land was sold as the property of Cummer Lumber Company for non-payment of taxes for the year 1925, was based upon a tax sale of the lands upon an assessment in the name of Cummer Lumber Company, whereas it appeared that said Cummer Lumber Company had never returned said land for taxation in its name, that the tax deed was invalid because the land had not been assessed as "unknown" under such circumstances, the ruling being based upon what was said by this Court in the case of Porter v. Carroll, 84 Fla. 62, 92 Sou. Rep. 809.

But Porter v. Carroll, *supra,* was decided in June, 1922, and involved a consideration of what was required for a valid tax assessment under Chapter 5596, Acts of 1907. Since the date of that decision, the Legislature has by subsequent Acts rendered valid those assessments of land whereby the property is accurately and correctly described, notwithstanding they are not returned for taxation by the owner and are not assessed on the tax books as "unknown." See Chapter 10023, Acts of 1925, which validated every assessment of taxes theretofore made, where such assessment had actually been made in the name of the true owner, although such owner had not made any return of the property for taxation. See also Chapter 10038, Acts of 1925, which authorized county tax assessors in all cases where land has not been returned for taxation, as required by law, to assess such land not returned for taxation either (1) in the name of the same party as for the preceding year, or

(2) as unknown, or (3) in the name of the supposed owner, it being expressly provided in that Act that an erroneous statement of the owner's name on the assessment roll shall "not invalidate the assessment." See, further Chapter 10040, Acts of 1925, which also pertains to "acts and omissions" which had prior to that Act been held by this Court as fatal to tax assessments.

The purpose of the enactment of Chapter 10023, Acts of 1925, Chapter 10038, Acts of 1925, and Chapter 10040, Acts of 1925, each of which became effective during the year 1925 and therefore became applicable to 1925 taxes and assessments thereof, was to cure certain defects in the tax assessment and collection laws theretofore found and pointed out in prior judicial decisions.

The present suit related to a tax deed dated September 3rd, 1928, issued pursuant to a tax sale held on August 2nd, 1926, for unpaid taxes assessed against Cummer Lumber Company for the tax year 1925. Therefore the 1925 statutes have a bearing upon the objections to the validity of the tax deed attempted to be asserted, and in effect sustained, by the trial judge in directing a verdict for the plaintiffs in the court below.

Since the direction of a verdict for plaintiffs was obviously based upon the failure of the trial judge to take into consideration and give proper effect to applicable statutes governing the determination of the asserted invalidity of the defendant's tax deed, the judgment should be reversed and a new trial awarded on the authority of Alley Co. v. Ball, 102 Fla. 1034, 136 Sou. Rep. 704, and Barry v. Walker, 103 Fla. 533, 137 Sou. Rep. 711, where it was recently held by us that a new trial will be awarded when it appears that in the trial of determination of a case at law there has been a misapprehension of a rule of law by

the trial judge, likely resulting in prejudice to the rights of the plaintiff in error. See also Payne v. Payne, 82 Fla. 219, 89 So. 538, where a decree in chancery was reversed when it appeared that in deciding the case the Chancellor misapprehended or overlooked the purpose and intent of an applicable statute having a bearing on the decision of the controversy.

Reversed and remanded for a new trial.

WHITFIELD, P. J., and TERRELL and DAVIS, J. J., concur.

BUFORD, C. J., and ELLIS and BROWN, J. J., concur in the opinion and judgment.

### ON REHEARING.

PER CURIAM.—This case was decided by an opinion filed herein on September 24, 1932, after which a rehearing was granted. Further consideration of the case on rehearing has failed to convince the Court that there was any error in its previous opinion, therefore said opinion and judgment of September 24, 1932, should now be reaffirmed and it is so ordered.

Reaffirmed on rehearing.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, C. J., absent from oral argument—not participating.