JAMES G. CAMPBELL, *et ux.*, v. PINE HOLDING COMPANY.

161 So. 726.
Division B.
Opinion Filed May 17, 1935.
Rehearing Denied June 12, 1935.

794

*Henry L. Williford* and *James E. Kirk,* for Appellants; *J. D. Gill,* for Appellee.

PER CURIAM.—The appeal here is from final decree of foreclosure of certain tax sale certificates.

Appellant limits the questions to be determined by this Court to two, which are as follows:

"Where suit is instituted under Chapter 14572, Acts of 1929, Etxra Session, Laws of Florida, to foreclose eighteen (18) separate tax certificates, each certificate covering one or more separate and distinct lots, should the Chancellor in his Final Decree of Foreclosure order the same to be sold in mass?'

"2. In a suit to foreclose tax certificates, under Chapter 14572, Acts of 1929, Extra Session, Laws of Florida, is it proper for the Chancellor in his Final Decree of Foreclosure, to order the defendants to pay the costs of the suit and for the Clerk of the Court to tax same?"

We do not think the first question is presented by the record.

As we construe the Final Decree, it requires the lands embraced in each of the certificates respectively to be sold separately.

The 7th and 8th paragraphs of the Decree are as follows:

"SEVENTH: That in the event of a sale of said lands any of the parties to this suit shall have the right to bid on and become the purchaser of said lands, or any parcel thereof, and if the Complainant is the successful bidder the amount bid by it shall be credited against the sums found to be due it under the terms of this decree, and it shall be required to pay in cash only that portion, if any, of its bid representing the surplus of the indebtedness owing to it, as aforesaid, and the costs, fees and expenses of this proceeding, including said sale.

"EIGHTH: That in the event said lands are sold as herein provided, the Special Master shall apply the proceeds of the sale of each parcel in the following order: (a) in the payment of the costs and expenses of this proceeding; (b) to the solicitors of record for Complainant the amounts, respectively, found to be due complainant under each Tax Sale Certificate for principal, interest and attorney's fees; (c) any balance remaining shall be paid into the registry of the Court to abide the further orders of the Court."

The decree finds specifically the amount of taxes, interest and penalties due upon each certificate and also the proportion of the attorney's fees allowed to be charged against the lands described in each certificate. The above quoted paragraphs of the decree clearly authorize that parcel of land described in each certificate to be sold separately and apart from other parcels described in other certificates.

We think that it was proper for the final decree to require the defendant to pay the costs of foreclosure. Of course, this does not mean that a deficiency decree could be entered against the defendants for such costs, but it does mean that to redeem the lands embraced in any certificate the defendants, in addition to paying the principal, penalties

and interest shown by the certificate and the attorney's fees apportioned to that certificate, will be required to pay the proportion of costs chargeable to that certificate. The proportionate amount of costs so to be paid by any one or more of the defendants for the redemption of any one or more of the certificates shall be ascertained and determined by the Chancellor, if and when application for redemption is made prior to sale and confirmation.

Therefore, the decree appealed from should be affirmed. It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.