FULTON SAUSSY, *et al.,* as Trustees, etc., *el al.,* v. NORTHERN INVESTMENT CORPORATION.

165 So. 268.
Division A.
Opinion Filed Deember 20, 1935.

*Crawford & May,* for Appellants;
*Claude Ogilvie,* for Appellee.

PER CURIAM.—Complainant below was allowed to foreclose three delinquent tax certificates on the Everett Hotel property situate in the City of Jacksonville, the certificates foreclosed representing general State and county taxes unpaid for the years 1930, 1931 and 1932. The suit was filed February 7, 1934. The final decree was entered on January 4, 1935.

Some of the questions argued by appellants in their briefs have no foundation for their consideration laid in the record of what was presented to and ruled on by the court below. Practically all of the other questions have heretofore been decided adversely to appellants' contentions in the following cases: Florida Land Holding Corp. v. Lee, 118 Fla. 107,

159 Sou. Rep. 7; Lee v. Walter-Keogh Co., 105 Fla. 199, 141 Sou. Rep. 131; Price v. Gray, 111 Fla. 1, 149 Sou. Rep. 804; Wade v. City of Jacksonville, 113 Fla. 718, 152 Sou. Rep. 197; Tax Securities Corp. v. Security Inv. Corp., 115 Fla. 536, 155 Sou. Rep. 752; City of Sanford v. Dial, 104 Fla. 1, 142 Sou. Rep. 233; Security Land & Inv. Co. v. Ranger Realty Co., 115 Fla. 640, 156 Sou. Rep. 23; Rosenhouse v. Holly, 100 Fla. 1394, 131 Sou. Rep. 389; (decided before enactment of Chapter 14572, Acts 1929); Ridgeway v. Reese, 100 Fla. 1304, 131 Sou. Rep. 136; Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 Sou. Rep. 439; City of Bradenton v. Lee, 120 Fla. 100, 162 Sou. Rep. 139; Campbell v. Pine Holding Co., 119 Fla. 793, 161 Sou. Rep. 726.

The complainant having filed its suit in February, 1934, to foreclose State tax certificates for 1930, 1931 and 1932 State and county taxes, was not required by Chapter 14572, Acts 1929, Laws of Florida, to pay 1933 taxes, or any other taxes not at that time actually certified as delinquent, as a condition precedent to the maintenance of his foreclosure suit.

One of the purposes of Sections 10 and 11 of Chapter 14572, Acts of 1929, was to modify the previous harsh rule referred to in Rosenhouse v. Holly, 100 Fla. 1394, 131 Sou. Rep. 389, so as to favor the taxpayer by giving him the most ample period of time permissible under the law for redemption of his property from current tax liabilities and accordingly Sections 992 and 994, Compiled General Laws, 1927 (Section 775 R. G. S.) were so amended as to eliminate any requirement on the part of a taxpayer that "all taxes that became due the following November" shall be paid for a redemption or purchase of a tax certificate. The court below properly recognized the change by entering his decree in conformity to it.

Where tax certificates are foreclosed and property sold under the foreclosure decree to satisfy the certificates upon which it was rendered, subsequently accrued taxes are not affected by the foreclosure, as the foreclosure sale will convey the title subject to the lien of any subsequent omitted unpaid taxes that may accrue thereon, either *pendente lite* or after the decree.

The decree appealed from is without reversible error and should be affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.