94 So.2d 724 (1957)
Richard J. HARTNETT, Appellant,
v.
Ernest S. FOWLER and Helen W. Fowler, his wife, Appellees.
Supreme Court of Florida, Division A.
April 24, 1957.
Joseph E. Johnston, Jr., Brooksville, and Trinkle & Moody, Plant City, for appellant.
W.M. Larkin of Larkin & Larkin, Dade City, for appellees.
THORNAL, Justice.
Appellant Hartnett who was plaintiff below seeks reversal of a judgment for the defendants-appellees based on a directed verdict in a case tried by the judge without a jury.
The determining point is the correctness of the order of the trial judge directing a verdict at the close of the plaintiff's case.
Appellant Hartnett, a real estate broker, sued Mr. and Mrs. Fowler for a commission. By Count 2 of his complaint, Hartnett alleged that the appellees-Fowler engaged him as a broker to find a purchaser for a parcel of land. He alleges that he produced *725 a purchaser ready, willing and able to buy on the terms stipulated by the appellees. It is further alleged that the appellees refused to sell, despite their alleged agreement. It is then concluded that they were obligated to the appellant for the agreed commission.
The appellees admitted that they listed their property for sale with the appellant but contended by their answer that the terms of the listing were widely at variance with the terms agreed upon by the proposed purchaser produced by appellant.
Upon trial the parties waived a jury. The trial judge heard the testimony offered by appellant and thereupon granted the motion of the appellees for a directed verdict. Final judgment followed this order. Reversal of the judgment is now sought.
The appellant contends that by the evidence offered, he established a prima facie case sufficient to preclude the directing of the verdict.
The appellees, of course, contend that at the trial the appellant failed to establish the existence of the alleged listing contract.
We have held that the power to direct a verdict should be exercised with a degree of caution. Davis v. Equitable Life Assur. Soc. of United States, 149 Fla. 678, 6 So.2d 842.
It is also well settled that a party who moves for a directed verdict admits for the purpose of testing the motion the facts in evidence and in addition admits every reasonable and proper conclusion based thereon which is favorable to the adverse party. Dempsey-Vanderbilt Hotel v. Huisman, 153 Fla. 800, 15 So.2d 903.
It is appropriate to direct a verdict for the defendant only when the evidence considered in its entirety and the reasonable inferences to be drawn therefrom fail to prove the plaintiff's case under the issues made by the pleadings. Golden v. Morris, Fla. 1951, 55 So.2d 714.
We do not overlook the proposition that this cause was heard by the trial judge without a jury. We have, however, held that where a law action is tried by the judge without a jury a motion for a directed verdict is made and governed by the same rules and principles as in the cases where the cause is being heard by a jury. E.E. Alley Co. v. Ball, 102 Fla. 1034, 136 So. 704.
An examination of the record before us indicates that the witnesses who testified for the appellant in substantial measure corroborated the allegations of his complaint insofar as the appellee Ernest S. Fowler is concerned. While admittedly there were some minor inconsistencies in their testimony, the fact remains that they did testify that Mr. Fowler listed the property and specified the terms and that appellant's salesman produced a purchaser ready, able and willing to purchase the property on the terms of the alleged listing by the appellee Ernest S. Fowler. However, as to appellee Helen W. Fowler the record is completely devoid of any evidence as to the terms of the listing allegedly agreed upon by her. While the evidence as to Mr. Fowler's agreement on the terms of the listing certainly is not the strongest that we have read in similar cases, it appears to us that it was at least sufficient to establish a prima facie case which would necessitate the denial of the motion for a directed verdict as to him. As the record now stands we are not confronted with a decision of a trial judge on conflicting evidence for the obvious reason that the appellees never offered any testimony.
Our holding herein is not to be construed as a premature decision on the conclusion which the judge might reach after hearing the defendants' witnesses and evaluating the evidence with due regard to the credibility which he might extend to the various witnesses whose testimony might be in conflict. We here pass only on the immediate situation presented by the present record.
The order directing the verdict in favor of appellee Helen W. Fowler is affirmed. *726 As to the appellee Ernest S. Fowler, the judgment is reversed and the cause remanded for further proceedings consistent herewith.
Affirmed in part and reversed in part.
TERRELL, C.J., and THOMAS and ROBERTS, JJ., concur.