QUESTIONS:
1. What procedures should a tax collector follow in processing a tax deed application, and what amounts of money should he collect from the tax deed applicant?
2. Who should collect and distribute the redemption funds when a property owner seeks to redeem his land from a tax deed sale?
3. Who should collect and distribute the excess funds in the case of overbidding at a tax deed sale?
SUMMARY:
Upon application for a tax deed by either a county or a private tax certificate holder, the tax collector must search the tax sale records for a period of twenty years prior to the date of application, noting any outstanding tax certificates on the property, any omitted taxes, and any unpaid delinquent taxes, and certify any such items discovered, plus interest thereon and the collector's costs and fees, to the clerk of the circuit court for inclusion
in the statutory opening bid. The collector is required to collect the total amount of those items from a private tax deed applicant before certifying the application to the clerk. However, the county is required to deposit only the collector's fees and costs. When a property owner wishes to redeem his property from a tax deed sale, he may do so at any time before delivery of the deed by the clerk. When redemption is made, the tax collector should receive the funds and reimburse the tax deed applicant and the clerk of the court. When an overbid occurs at a tax deed sale, the clerk of the circuit court is charged with the responsibility for receiving and disbursing the excess funds, according to the formula contained in s. 197.291(2), F.S.
AS TO QUESTION 1:
When a tax deed application is made, the procedures to be followed by the tax collector differ with the character of the applicant. The procedure in the case where a county applies for a tax deed varies from the requirements obtaining when the applicant is a private individual.
As to applicants other than the county; an individual who holds a tax certificate may make application for a tax deed at any time after two years have elapsed from April 1 of the year in which the certificate was issued. Section 197.241(1), F.S. If the applicant seeks to base his application on a certificate issued after July 1, 1973, he must apply for a tax deed within seven years from the date of the certificate's issuance. Section 197.241(1); s. 37, Ch. 73-332, Laws of Florida. However, since Ch. 73-332 is prospective in nature, any certificate issued prior to July 1, 1973, may serve as a basis for a tax deed application for a period of twenty years from the date of its issuance. Section 197.356, F.S.; s. 197.241(1), supra.
The applicant should file the certificate upon which he bases his application, as well as the application itself, with the tax collector. Chapter 12B-1.343, Florida Administrative Code. Those two documents serve as notice to the collector that the applicant desires the lands "or any part thereof capable of being readily separated from the whole" advertised for sale. Chapter 12B-1.343. Consolidated applications on more than one certificate are prohibited. Section 197.241, supra; Ch. 12B-1.343.
Upon receiving an application, the tax collector should search the public records for a period of twenty years. Any outstanding tax certificates, any omitted years' taxes, any unpaid delinquent taxes, and the names and addresses of all persons the clerk is required by law to notify prior to the tax deed sale ascertained by the search should be noted and certified to the clerk of the circuit court pursuant to s. 197.241(2), supra. The twenty-year search must be continued notwithstanding the seven-year limitation contained in s. 197.241(1), supra. As mentioned above, the seven-year limitation is prospective in nature and therefore does not impair the twenty-year validity of certificates issued prior to July 1, 1973. The collector is entitled to a fee of one dollar per year of search, or he may contract the search to a title abstract company for a reasonable fee. In either case, the fee is added to the other costs the applicant must pay, as discussed below.
The private applicant is also required to pay the collector the combined value of the following: All outstanding certificates, plus interest; all omitted taxes, plus interest; and all unpaid delinquent taxes for the current year, plus interest.
In reference to outstanding certificates, Ch. 12B-1.343, supra, provides that "The applicant . . . is required to pay the collector all amounts required for redemption or purchase of all outstanding tax certificates not in the applicant's possession. . . ." The applicant is thus required to redeem only those outstanding certificates which he does not own. However, if the applicant does own certificates on the property in addition to the one on which his application is based, the tax collector should procure their surrender and note on the certificates that they are canceled in connection with a tax deed application. Their amounts should be included in the certified statement which the collector forwards to the clerk of the circuit court, in the same manner as if they had been actually redeemed. Chapter 12B-1.343, F.A.C.
The private applicant must also redeem omitted taxes. Section 197.151, F.S. Omitted taxes are those taxes which have not been extended on the roll because the property has been previously struck off to the county and the certificate is still held by the county. See AGO's 068-92 and 060-12. Consequently, an applicant is required to redeem unextended taxes on the current roll at the time of his application, unless application is made prior to November 1. This approach comports with the general statutory position that payment of current taxes is not required in order to redeem prior certificates if redeemed before November 1. Section 197.191. Such taxes should be regarded as current year's taxes, and the tax deed sale should proceed subject to them. Chapter12B-1.343, supra. No prejudice will result to the county from this procedure, since upon redemption of the outstanding county certificate prior to November 1, the current taxes may be extended on the roll and billed to the property owner. Cf. Rosenhouse v. Holly, 131 So. 389 (Fla. 1930).
Current regulations of the Department of Revenue do not require the tax deed applicant to pay current unpaid delinquent taxes. Chapter 12B-1.343, supra. In this respect, the regulations do not reflect the requirements of current statutes. The amended statute now requires the applicant to pay the collector "all amounts required for the redemption of . . . delinquent taxes, plus interest . . . ." Section 197.241(2), F.S. In view of this conflict, the amended statute controls and the applicant is required to pay unpaid delinquent taxes. Growers Coop. v. Department of Revenue, 273 So.2d 142 (1 D.C.A. Fla., 1973). Also, in conformity with the amended statute, the collector's certified statement should reflect that delinquent taxes have been paid, rather than stating that the land is subject to the lien of unpaid delinquent taxes for the current year.
In summary, the following amounts should be collected from a private applicant for a tax deed: The amount necessary to redeem any outstanding tax certificate not owned by the applicant; the amount necessary to redeem omitted year's taxes, as defined above; the amount necessary to redeem any current year's taxes which have become delinquent at the time of application; and the collector's costs and fees.
As to the county as applicant; Department of Revenue regulation, Ch. 12B-1.343, supra, is intended to implement s. 197.241, supra, and, as presently written, states in part:
"The county is required to make application for a tax deed on all certificates in the tax collector's possession that are two (2) years old or older from the date said certificates were struck offto the county. (Emphasis supplied.)
* * * * *
The tax collector shall certify all county held (sic) tax certificates as they become two (2) years old after issuance." (Emphasis supplied.)
However, s. 17 of Ch. 73-332, supra, now amends s. 197.241(3), supra, to provide that "[t]he county shall make application for a deed on all certificates two years from the date the taxes towhich they
relate were due." (Emphasis supplied.)
Taxes are due on November 1 of each year or as soon thereafter as the assessment roll comes into the hands of the assessor or the collector. Section 197.012, F.S. The amended statute thus requires the county to hold certificates for a shorter period of time than that prescribed in the present regulation. As noted above, the amended statute controls.
Present regulation, Ch. 12B-1.343, supra, also requires the county to purchase outstanding tax certificates in the manner prescribed for private tax deed applicants. This requirement is also at variance with s. 197.241(3), F.S. The amended statute requires the county to deposit with the collector only the amount required to cover his costs and fees. Thus, while the collector should search the records in the manner required when a private person makes application, and while the collector's certified statement should indicate the value of all outstanding certificates, the county as an applicant is not required to deposit with the collector the total sum which would be required of a private applicant.
AS TO QUESTION 2:
When the applicant for a tax deed is a private person, a property owner is permitted to redeem his property "before a tax deed has been issued." Section 197.156(1), F.S. The issuance of a deed occurs when actual delivery of the deed is made to the purchaser at the tax deed sale. [See] 10 Fla.Jur. Deeds ss. 71 and 72; 31 Fla.Jur. taxation ss. 476 and 478. When the applicant for deed is a county, a property owner may redeem at any time prior to the "vesting of title in the county." Section 197.151, F.S. Former s. 197.650, F.S. 1971, provided that title vested in the county upon a judicial decree quieting title in the county. However, with the repeal of s. 197.650 by Ch. 72-268, Laws of Florida, a county must now acquire title to lands upon which it holds a tax certificate in the same manner as a private certificate holder — by application to the tax collector for a tax deed. Consequently, the words vesting of title in the county as used in s. 197.151 must be construed as the functional equivalent of the words before a tax deed is issued as used in s. 197.156. Title vests in the county at the time of delivery of a deed by the clerk of the circuit court. Therefore, whether the applicant for a tax deed is the county or a private person, a property owner may redeem from the effects of a tax deed sale at any time before delivery of the deed.
If redemption is sought before the collector has forwarded the application for deed to the clerk of the circuit court, the collector should receive the redemption money and reimburse the tax deed applicant. Section 197.156(2), F.S. (1972 Supp.). When the county is the certificate holder, the person seeking redemption is required to pay, in addition to all other costs, a five dollar redemption fee. Section 197.151(2), F.S.
If redemption is sought after the collector has forwarded the application for deed to the clerk of the court, Ch. 12B-1.343, supra, describes the procedure to be followed:
"When a tax deed application has been transferred to the clerk of the court and it is the desire of the property owner or his agent to redeem the property from the tax deed sale, then the clerk of the court shall direct the person desiring to redeem said lands to the collector's office. The clerk of the court shall deliver immediately the tax certificate on which the tax deed application is based, the tax deed application and certification together with a statement of all cost (sic) and fees to be collected. In order to redeem the property from the tax deed sale, the tax collector shall receive the amount certified on the tax deed application along with all of the clerk's cost (sic) and fees in connection with the tax deed application. The tax collector shall post all records to indicate that an application for tax deed has been redeemed. The collector shall refund to the applicant all funds received for the redemption of the tax deed application as soon as possible. The tax collector shall as soon as possible transmit to the clerk all cost (sic) and fees in connection with the tax deed application. . . ."
The above-quoted regulation makes it clear that the collector is to receive and disburse funds in the event of a redemption from a tax deed sale.
AS TO QUESTION 3:
Section 197.291(2), F.S., provides that "[i]f property is purchased for an amount in excess of the statutory bid of the certificate holder, the excess shall be paid over and disbursed bythe clerk. The clerk shall distribute the excess . . . ." (Emphasis supplied.)