296 So.2d 649 (1974)
BARCO CHEMICALS DIVISION, INC., a Florida Corporation, Appellant,
v.
Herbert N. COLTON, Appellee.
No. 73-1319.
District Court of Appeal of Florida, Third District.
June 26, 1974.
*650 Melvin J. Richard and Dennis Alan Richard, Miami Beach, for appellant.
Marvin I. Moss, North Miami, and Leo Greenfield, Miami, for appellee.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
The appellant, plaintiff in the trial court, seeks review of an adverse final judgment entered pursuant to a directed verdict for the defendant in an action for injunctive relief. The action is based upon a restrictive covenant against competition in an employment contract entered into between the parties.
The trial court has set forth the basis of the directed verdict as follows:
"THIS CAUSE having come on to be heard for Final Hearing, and the Court having heard testimony from witnesses for the Plaintiff and argument of counsel on Defendant's Motion for Directed Verdict at the close of Plaintiff's case, and the Court, being otherwise fully advised in the premises, finds as follows:
"Based on Florida Statute Section 542.12 [F.S.A.] and the language of Storz Broadcasting Co. v. Courtney, [Fla.App.,] 178 So.2d 40 and other cases, the Court finds that the employment agreement will result in unjust results when applied to this Defendant and that the Plaintiff has not sustained its burden and has failed to establish a prima facie case."
* * * * * *
The trial court's reliance upon Storz Broadcasting Co. v. Courtney, Fla.App. 1965, 178 So.2d 40, is misplaced in view of the fact that the holding in that case was that an employee's contract not to engage in a competing business will not be construed to extend beyond the proper import or further than the language of the contract absolutely requires.
The trial judge may not refuse to enforce a valid contract upon a general finding that enforcement will produce "unjust results." In Storz Broadcasting Co. v. Courtney, supra, this court pointed out:
* * * * * *
"Nor was the trial court free to elect not to enforce the contract, if thus breached. The limit on the discretion referred to in the statute was disclosed in an opinion prepared by Chief Judge Sturgis in the first district court of appeal in Atlas Travel Service v. Morelly, Fla.App. 1957, 98 So.2d 816, 818."
* * * * * *
The opinion in Atlas Travel Service, referred to in the quotation, states:
* * * * * *
"F.S. § 542.12, F.S.A. clearly supersedes the common-law rule enunciated *651 in Love v. Miami Laundry Co., supra, 118 Fla. 137, 160 So. 35. The permissory language of the statute, whereby agreements of the character in suit `may', in the `discretion' of the court, `be enforced by injunction,' does not imply that the court is vested with an absolute or arbitrary discretion, and is construed as requiring that the discretion shall be reasonably exercised to the end that the object of the statute may not be nullified. The relief cannot be withheld when the proofs, as in the case on appeal, reveal no other alternative. Weston v. Jones, 41 Fla. 188, 25 So. 888; Mitchell v. Duncan, 7 Fla. 13, 14."
* * * * * *
See also Akey v. Murphy, Fla. 1960, 238 So.2d 94, 97.
The appellee contends that the actual basis for the trial court's decision was not the exercise of discretion because of the bare holding that "the employment agreement will result in unjust results when applied to this defendant," but rather that plaintiff's evidence, considered as whole, showed that the contract was not in force because it had already been breached by the plaintiff. Our review of the record convinces us that such a conclusion cannot be supported upon this record. Defendant appears to contend that the terms of his employment were changed and that he was thereby relieved of the provisions of the contract. This factual conclusion would not have been justified upon a motion for directed verdict. Upon such motion, the plaintiff is entitled to all reasonable inferences from the evidence, and the record must be viewed in the light most favorable to plaintiff's position. Hartnett v. Fowler, Fla. 1957, 94 So.2d 724, and Tillman v. Baskin, Fla. 1972, 260 So.2d 509.
Accordingly, the judgment based upon the directed verdict is reversed and this cause is remanded for such further proceedings as the court shall find necessary under the views herein expressed.
Reversed and remanded.