ANTOON, C.J.
In this personal injury action, Mary Silvers appeals the final judgment in favor of defendant, U-Haul Company of Georgia. Ms. Silvers argues that the trial court erred in refusing to allow her to introduce the deposition testimony of U-Haul’s accident reconstructionist, Mr. Stephens, in rebuttal to the testimony of U-Haul’s witnesses. We affirm, finding no abuse of discretion.[1]
Ms. Silvers was riding her bicycle along the shoulder of a bridge and was injured when she came into contact with a trailer being towed by a U-Haul truck. Ms. Silvers testified that she never crossed into the driving lane. However, the U-Haul driver testified that Ms. Silvers fell into the driving lane, causing him to swerve into the left lane to miss her. The motorist in the left lane, Mrs. Conners, testified that she was forced to take similar evasive action after realizing that Ms. Silvers was losing her balance and was falling into the right lane of traffic. Mrs. Conners was asked to give distance and angle estimates, which she- did after several times expressing her difficulty in judging distances.
Relying on Young-Chin v. City of Homestead, 597 So.2d 879 (Fla. 3d DCA 1992), Ms. Silvers argues that the expert testimony of Mr. Stephens was admissible to refute the distance and angle testimony of Mrs. Conners, thus rebutting U-Haul’s theory of defense. Young-Chin held that although a trial court has broad discretion in deciding the admissibility of evidence, “limiting rebuttal which goes to the heart of the principal defense and which is not cumulative of evidence presented in plaintiffs case in chief is an abuse of discretion.” Id. at 883 (citing Heberling v. Fleisher, 563 So.2d 1086 (Fla. 4th DCA), rev. dismissed, 570 So.2d 1305 (Fla.1990)). For the reasons set forth below, we disagree with Ms. Silvers’ contention.
The trial court’s refusal to admit the proffered deposition into evidence was not an abuse of discretion given the circumstances. The hypothetical question prefacing Mr. Stephens’ answer contained only a portion of the relevant facts and did not contain relevant facts concerning the evasive action taken by Mrs. Conners and the U-Haul truck. It therefore was not an abuse of the trial court’s discretion to disallow the testimony. See Atlantic Coast Line R. Co. v. Brash, 73 Fla. 478, 74 So. 503 (1917). Further, the hypothetical was so poorly phrased and void of material fact *1084 that it left to speculation what assumptions were made by Mr. Stephens in reaching his conclusion that Mrs. Conners’ distance and angle testimony was not reliable. See Sheehan v. Frith, 138 So.2d 76, 78-79 (Fla. 3d DCA 1962). Accordingly, we affirm.
AFFIRMED.
W. SHARP, and GRIFFIN, JJ., concur.

. This conclusion moots U-Haul’s argument on cross-appeal.