Terrell, C. J.
 

 Section 77 of Chapter 9897 Acts of 1923, Laws of Florida, requires the tax assessor of the City of Sanford, before delivering the tax rolls of said city to the City Commission for its approval to affix thereto his certificate in the following form:
 

 “I, ...................., City Tax Assessor of the City of Sanford, do hereby certify that the foregoing is the assessment roll of the taxable property in the City of Sanford, valued at its full cash value, and that it contains a true statement and description of all personal and real property in the said City of Sanford, subject to taxation by said City and liable to be assessed therefor; that the listing and valuation are as corrected by the Equalizing Board and as approved and adopted by the City Commission, and that all requirements of law and ordinance regulating the. making of the assessment roll for the City of Sanford have been complied with.
 

 “Dated........................, 19....
 

 City Tax Assessor. ’ ’
 

 The tax rolls were prepared and delivered to the City Commission and sales were held for the years 1925, 1926, 1927, 1928, and 1929, and all lands on which taxes were not paid were sold and certificated to the City of Sanford for the non-payment of taxes, though the rolls for none
 
 *1403
 
 of these years had affixed thereto the certificate as above quoted and required.
 

 The relator, a taxpayer in the City of Sanford feeling that the omission of said certificate from the tax rolls for the years as stated invalidated the assessments and certificates to the City for non-payment of taxes for said years, requested the tax assessor to reassess for the last three omitted years (1927, 1928 and 1929) as authorized by Section 67 of Chapter 9897, Acts of 1923, Laws of Florida, all lands so certificated to the city which had not been redeemed. The tax assessor refused to comply with said request, but on petition of relator, alternative writ of mandamus was issued from this Court directing him to do so.
 

 The demurrer and motion to quash the alternative writ on the part of respondents say that relator has no right to invoke the relief sought and if it has, the omission of the assessor’s certificate from the rolls becomes immaterial in view of Chapter 10040, Acts of 1925, Laws of Florida and Chapter 14572 Acts of 1929, Laws of Florida. Chapter 14572, Acts of 1929, Laws of Florida supersedes Chapter 10040, Acts of 1925, Laws of Florida, and is now the law on the subject matter but the title and text of both Acts show conclusively that they apply only to state and county taxes and have no' relation whatever to municipal taxes or certificates.
 

 The only question essential to answer in this cause is whether or not the omission of the assessor’s certificate from the tax rolls vitiated the sale and certification to the city of those lands on which taxes were not paid. If it did the law is well settled that relator is entitled to the relief sought.
 

 The relator contends that the omission of the assessor’s certificate from the assessment rolls vitiated the sale to the city and relies on City of Orlando v. Equitable Building
 
 *1404
 
 and Loan Association, 45 Fla. 507, 33 So. R. 986, to sustain its contention. This case is supported by the great weight of authority in this country which is to the effect that such certificate or verification of an assessment roll is for the purpose of securing uniformity in assessments and fair valuations of real estate and is mandatory, that if the assessor omits the verification or attach to the roll an affidavit or certificate which is defective in material particulars the tax is not'legally assessed and all proceedings thereunder are void. 26 Ruling Case Law 356. State Finance Company v. Mather, 15 N. Dak. 386, 109 N. W. R. 350, 11 Ann. Cas. 1112, note 1118, where all the cases in this country are collected. A few .equally respectable authorities hold, however, that statutes requiring the authentication of assessment rolls by a certificate or affidavit of prescribed form are directory rather than mandatory and that a non-compliance with such requirements, either in the omission of any verification or in the making of a defective affidavit or certificate does not invalidate the assessment or proceedings had thereunder, unless the tax payer is prejudiced thereby. See note to State Finance Company v. Mather, 11 Ann Cas. 1120, where authorities supporting this view are collected.
 

 The reason for the majority rule as approved by this Court in City of Orlando v. Equitable Building and Loan Association,
 
 supra,
 
 is sound and well supported. It was designed to safeguard the interest of the taxpaying public and to secure fairness in valuation and unformity in assessment, thus assuring to every one that his property will be assessed according to the value and the burden of taxation fairly distributed. We are convinced of no reason why we should relax it or depart from it.
 

 The right of a tax payer to require by mandamus that all taxable property in his community be placed on the tax
 
 *1405
 
 books and bear its proportionate part of the expense of government is too academic to admit of discussion. 18 Ruling Case Law 290; Hyatt v. Allen, 54 Cal. 353; Knight v. Thomas, 93 Me. 494, 45 Atl. R. 499; Elam v. Salisbury, 180 Ky. 142, 202 So. W. R. 56; People ex rel. v. Webb, 256 Ill. 364,100 N. E. R. 224. Every unit of the taxpaying public is interested in having all property subject to taxation legally assessed and may on behalf of himself and others in like situation require that' this be done.
 

 Section sixty-seven of Chapter 9897, Acts of 1923, in effect provides that if any land was omitted from the assessment roll of either or all the three previous years or was illegally sold for taxes and is liable for taxation the tax assessor shall assess such land for the current year and for any or all the years for which it was omitted or was illegally sold or assessed for taxes. Such assessment to be at the cash value of the year or years of the omission and when made to have the same effect as if made in the year when omitted or illegally made or sold. Collection is required in like manner and at the time the current assessments for the year in which made are being collected.
 

 In view of this statute we are of the opinion that the relator, being a tax payer in the City of Sanford, was entitled to the relief sought, that the omission of the certificate from the tax rolls as required by Section Seventy-seven of Chapter 9897, Acts of 1923, vitiated the sales to the city for the non-payment of taxes and that the tax assessor of the City of Sanford may now be required to reassess said lands for the last three omitted years as prayed for in the alternative writ.
 

 It follows that the demurrer to and motion to quash the alternative writ must be and are hereby overruled.
 

 Whitfield, Ellis, Strum and Buford, J. J., concur.