G. N. JOHNSON v. A. B. MORRIS, *et ux.*, and J. Z. MIZELL, intervening defendant.

177 So. 286.
Division A.
Opinion Filed October 4, 1937.

*Hendricks & Hendricks,* for Plaintiff in Error;
*A. J. Rose,* for Defendants in Error.

PER CURIAM.—The sole question urged for determination on this writ of error is whether or not a tax deed is rendered void if the Clerk of the Circuit Court who is required under the law to execute it, in doing so, attaches his name as "Clerk of the County Court" of Dade County instead of "Clerk of the Circuit Court of Dade County" as the law requires.

Section 779 Revised General Statutes of 1920, Section 1003, Compiled General Laws of 1927, Amended by Acts 1929, Extra Session, Chapter 14572, Section 12, provides that all tax deeds shall be issued by the Clerk of the Circuit Court of the County wherein the lands conveyed are situated, and shall be in substantially the following form:

(Form of the deed omitted.)

The form of the deed is concluded by the jurat as follows:

"I, the undersigned, as Clerk of the Circuit Court of the County and State aforesaid, have executed this deed and have hereunto set my official signature and seal."

Plaintiff in error, Johnson, brought an ejectment suit against defendants in error. There was a plea of not guilty. At the trial, Johnson offered his tax deed executed by the Clerk of the Circuit Court of Dade County but signed by him as above indicated. Objection to the deed so executed as evidence was sustained, the plaintiff rested and the jury returned an instructed verdict for the defendant on which final judgment was entered. The instant writ of error was to the final judgment.

Because of the error in the Clerk's signature, the trial court apparently took the position that the tax deed was not executed in compliance with Section 1003, Compiled General Laws of 1927, Amended by Acts 1929, Extra Session, Chapter 14572, Section 12, that it was not *prima facie* evidence of title as provided by Section 4389, Compiled General Laws of 1927, and being based on a municipal tax sale could not be corrected as provided by Section 1, Chapter 14572, Acts of 1929. State, *ex rel.* Dolfus Corporation v. Lehman, *et al.*, 100 Fla. 1401, 131 So. 333.

Other considerations doubtless influencing the decision of the Court below were that under the Constitution and

the statute there exists in Dade County both a "Clerk of the Circuit Court" and a "Clerk of the County Court," each with separate and distinct duties defined by law and the matter of issuing tax deeds is a duty vested solely in the "Clerk of the Circuit Court."

The majority of the Court have reached the conclusion that notwithstanding the predicate on which the Court below based his judgment in view of the fact that the deed shows on its face that it was in all other respects regular and notwithstanding the error in signature, the body of the deed shows that it was executed by the Clerk of the Circuit Court, that it should have been permitted as evidence and proof allowed to show that it was in fact issued by the "Clerk of the Circuit Court" and not the "Clerk of the County Court."

Having reached this conclusion, it follows that the judgment below must be and is hereby reversed.

Reversed.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

BROWN, J. (dissenting).—Tax deeds are by statute made *prima facie* evidence of the regularity of all prior proceedings. Their form is prescribed by statute. After all is said, the fact remains that this deed was signed by E. B. Leatherman as "Clerk of the County Court." In that capacity he had no authority to execute the deed, and, until reformed in a Court of Equity, the deed conveyed no title. The Court below was correct in its ruling. See Sec. 1003 C. G. L.; Norman v. Buckman, 58 Fla. 325, 50 So. 876. Tax deeds must be strictly construed. This deed did not have the official signature of the Clerk of the Circuit Court, as required by the statute.