SWANN, Chief Judge.
Plaintiff, Richard E. Hardwick, appeals from a “final judgment on rehearing”.
Hardwick is the owner of a home on real property adjacent to Suniland Park, which is located in the southern part of Dade County, Florida.- He sued Metropolitan Dade County, Florida, alleging, inter alia, that the county was permitting, maintaining and operating Suniland Park in such a manner as to create a “nuisance and/or trespass” and sought injunctive relief, money damages, costs, or in the alternative, that the county be required to exercise its right of eminent domain as a means of making restitution to the plaintiff. The court, after hearing, entered a final order and ultimately entered a “final judgment on rehearing: from which this appeal was taken by Hardwick. It provides in part:
“At the original trial little evidence was adduced as to the extensive use by the public, mainly children, of this park. Upon rehearing, evidence discloses that literally thousands of children enjoy this recreational facility each year. The Court finds that the activities of or at the Suniland Park are causing discomfort to the Plaintiff. It appears, however, that such discomfort and inconvenience or loss by reduction of property value to the Plaintiff would be slight as compared with the loss of the use of the park to the youth of this County.
“The Court finds that the activities of and at the Suniland Park are not of such a character or degree to be a taking of Plaintiff’s property. Neither are they of such a character as to be a public or a private nuisance. Counsel for the County and the Intervenors agree that Plaintiff should be provided some relief notwithstanding their contention that the facts in this case do not amount to a nuisance or a taking. It is evident that the Court must balance the equities among the parties.
*389 “For the foregoing reasons it is
ORDERED AND ADJUDGED that:
“1. As to Suniland Park, no inning of baseball, no quarter of football and no quarter of basketball shall begin after 10:00 P.M. The Defendants shall assure, as best within their power, that this provision is complied with.
“2. Notwithstanding paragraph one above, all lights at the Suniland Park shall be turned off at 10:30 P.M. except such lights as are necessary for the safety of the people as they exit the park.
“3. The property line between the park and plaintiff’s property shall be screened with bushes or trees by Dade County if such screening has not already been accomplished.
“4. No bleachers shall be placed on that part of the 150 foot strip of the park immediately adjacent to Plaintiff’s property line.
“5. No play by play description of any athletic event shall be given by bullhorn, loud speaker or any other electronic device.
“6. As to the 150 foot strip of park property adjacent to Plaintiff’s property line, no organized activity shall begin before 10:00 A.M.
“7. This Court retains jurisdiction for modifying this Final Judgment, if necessary, and for enforcing the same.
“8. The Order on Motion to Tax Costs entered herein on October 2, 1970, is hereby set aside, Plaintiff having failed to prevail in the rehearing, as provided in said Order.”
Plaintiff’s first two points on appeal were directed toward procedural error. His able counsel has voluntarily conceded that there was no error committed under Point Two. We shall, therefore, discuss only Point One of the alleged procedural errors.
Under Point One Hardwick asserts error because the trial judge permitted the Optimist Club of Suniland, Inc. and Howard-Palmetto Khoury League, Inc. to intervene after entry of the original final order without a sufficient showing of an interest in the subject matter of the pending litigation. See R.C.P. 1.230, 30 F.S.A.
Our examination of the motions to intervene and the record indicates the in-tervenors had such a sufficient interest in the subject matter that the ends of justice required the granting of their motions to intervene. See Wags Transportation System, Inc. v. City of Miami Beach, Fla.1956, 88 So.2d 751, and People’s Bank of Jacksonville v. Virginia Bridge & Iron Co., Fla. 1927, 94 Fla. 474, 113 So. 680.
Assuming arguendo, that it was error for the trial court to grant the motions of the two intervenors it would be, at most, harmless error in our opinion, as Dade County had properly and timely filed a petition for rehearing to the final order. Fla.Stat. § 59.041, F.S.A. (Harmless error; effect). Thus, the order had never become final at the time the petitions to intervene were filed and granted by the trial judge.
Hardwick’s claim of error for failure to award him monetary damage does not require reversal. Florida Ventilated Awning Co. v. Dickson, Fla.1953, 67 So.2d 215; Kennedy and Ely Ins., Inc. v. American Employer’s Ins. Co., Fla.App.1965, 179 So.2d 248; Berwick Corp. v. Kleinginna Investment Corp., Fla.App. 1962, 143 So.2d 684; Miami Beach Lerner Shops, Inc. v. Walco Mfg. of Florida, Fla.App. 1958, 106 So.2d 233. We find insufficient evidence for the award of any monetary damages to Hardwick.
Assuming, without deciding, that the trial court could have enjoined the use of Suniland Park as a nuisance, we take the view that the trial judge was correct in balancing the equities between the parties, as shown in the final judgment on rehearing, and find no reversible error in this regard. Cf. Beckman v. Marshall, Fla.1956, 85 So.2d 552; and Royse Independent *390 School District v. Reinhardt, Tex.Civ.App., 1913, 159 S.W. 1010.
We also find no merit in Hard-wick’s claim that the activities conducted under the auspices of Dade County at Sun-iland Park amounted to a taking of his property without compensation. Here, there was presented, at most, evidence only of a possible nuisance to Hardwick and his property. There was no sufficient, competent and substantial evidence to show any “taking” of Hardwick’s property by government plan. See Weir v. Palm Beach County, Fla.1956, 85 So.2d 865 and White v. Pinellas County, Fla.1966, 185 So.2d 468.
We have examined and considered the remaining points raised and argued by Hardwick for reversal. We do not find any abuse of discretion by the trial judge, or reversible error, under such points.
The final judgment on rehearing is
Affirmed.