373 So.2d 695 (1979)
William J. ALSDORF et al., Appellants,
v.
BROWARD COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 78-233.
District Court of Appeal of Florida, Fourth District.
July 11, 1979.
Rehearing Denied August 24, 1979.
*696 C. Lavon Ward, Fort Lauderdale, for appellants.
Betty Lynn Lee, General Counsel, Fort Lauderdale, for appellee.
Zebedee W. Wright, Fort Lauderdale, for intervenors, Robert Allen and Charles K. Vermorel.
BERANEK, Judge.
Plaintiff appeals a judgment entered May 18, 1977, by the Circuit Court in Broward County. The controversy below relates to the validity of certain county taxes as levied against incorporated and unincorporated areas of the county. The parties *697 now involved are the plaintiffs  mayor and residents of certain municipalities; the defendant  Broward County; and the intervenors  taxpayers who are residents and owners of land in the unincorporated areas of the county. The case, in an earlier form, was considered by the Florida Supreme Court in Alsdorf v. Broward County, 333 So.2d 457 (Fla. 1976). This opinion sets forth the background from a factual and legal point of view. Suit was initially brought by numerous municipal mayors in their official capacities and as individual taxpayers. Basically the mayors challenged county property taxes levied on real estate within municipal boundaries in light of Article VIII, Section 1(h) of the Florida Constitution which provides: "Taxes; Limitation. Property situate within municipalities shall not be subject to taxation for services rendered by the county exclusively for the benefit of the property or residents in unincorporated areas." The plaintiffs contended numerous county expenditures for various services were of no "real and substantial benefit" to the residents of the municipalities and that taxing of the land within the municipalities was, therefore, improper under the aforementioned constitutional provision. The trial court initially dismissed the action on the ground that the constitutional provision was too vague without further legislative guidelines. The Supreme Court reversed and held the constitutional provision to be self-executing. The case was remanded to the trial court with directions, "that with or without legislative interpretation the courts will be required to draw the lines between acceptable and prohibited municipal taxation." The Supreme Court directed the trial court to exercise its "inherent equitable powers to fashion a suitable remedy for the resolution of this controversy." In short, the trial court was ordered to decide the very difficult question of which county services were of real and substantial benefit to municipal dwellers.[1] The Supreme Court also encouraged the parties to agree among themselves to a settlement of the controversy.
After remand a settlement did not occur although substantial efforts were made in that regard. The defendant/county and the plaintiffs entered into a stipulation which disposed of many of the matters in controversy and which further isolated the issues to be tried before the court. Basically, the stipulation of the county and the plaintiffs was that three issues remained to be tried. These issues were the county programs relating to (1) libraries, (2) emergency medical services, and (3) parks and recreation. In addition the county and plaintiffs stipulated that the Sheriff's road patrol was of no benefit to the incorporated areas and that the municipalities would not be taxed for this service. The Sheriff's road patrol had been a major dispute in the previous trial. At that time the county took a completely contrary position and asserted the road patrol to be of benefit to city residents.
Before the stipulation was filed and before the second trial began, certain taxpayers who were residents of the unincorporated areas of the county petitioned to intervene. Over objection of the plaintiffs, intervention was allowed. Basically, the intervenors sought to litigate the issue of the Sheriff's road patrol and to overturn the stipulation of the plaintiffs and the county which removed it as an issue to be litigated. Intervenors' position was that the road patrol was of benefit to municipal residents and that, therefore, the tax burden for this service should be spread county-wide on municipal and unincorporated lands alike rather than placing the entire tax burden on the unincorporated area.
An extended non-jury trial resulted in the judgment in question. The trial court made numerous factual findings in its attempt to carry out the mandate of the Supreme Court of determining exactly which services were of real and substantial benefit to municipal residents. The essential *698 provisions of the final judgment are five in number.[2]
The judgment was not a clear-cut victory for any party. The mayors, as plaintiffs below, now occupy the position of appellants. Broward County and the intervenors are the appellees. Although some of the trial court's rulings were adverse to the positions or the stipulations of the county in the trial court, the county does not seek reversal of these findings on appeal.
Initially, the trial court determined as a matter of fact that the county library program was of real and substantial benefit to municipal residents and that the taxation of the municipalities in this respect was proper. Appellants urge error in this ruling.
In regard to the county-wide emergency medical service program, the court found that taxation of certain municipalities was improper. This finding was based on the fact that the county was not truly providing services to the municipal residents but was instead offering to municipal governments the option of co-operating in the county-wide program. The trial court ruled that the county taxes were improper in those situations where the individual city was providing its own emergency medical service. Therefore, the ruling was that an allocable portion of the overall expense of the emergency medical service constituted an improper tax on the municipalities but only as to those cities who were providing their own programs. This ruling is not questioned on appeal.
In regard to parks and recreation, the trial court considered the entire county program and determined that the greatest portion of the program was properly taxable against both municipal and unincorporated lands. However, the court isolated certain "neighborhood parks" which were located solely in unincorporated areas and concluded that a tax on municipal properties for the expense of neighborhood parks was improper. This ruling is also not questioned on appeal.
As to the Sheriff's road patrol, the court refused to accept the stipulation of the county and the plaintiffs to the effect that this service was of no benefit to municipal residents. The court, at the insistence of the intervenors, found that the Sheriff's road patrol was of real and substantial benefit to municipal residents and that the tax burden for this service should thus be spread throughout the entire county and not be merely limited to unincorporated lands. Appellants/plaintiffs alone assert this to be error. The last ruling was in regard to a request for refunds of alleged improperly collected taxes. All requested refunds were denied. Again, only appellants/plaintiffs urge error in this regard.
In addition to the above points on libraries, the road patrol and refunds, appellants also assert error regarding the intervention and the rejection of the stipulation between plaintiffs and the county. Appellants divide their attack into five separate issues which will be dealt with herein.

I. LIBRARIES
The trial court found as a matter of fact that the municipal residents gained real and substantial benefit from the county-wide library system. This finding is in accordance with the criterion established in City of St. Petersburg v. Briley, Wild & Associates, Inc., 239 So.2d 817 (Fla. 1970). The benefit to the city need not be direct and primary. It is only necessary that the benefit not be illusory or inconsequential. A good deal of conflicting evidence was presented by the plaintiffs mostly concerning their dissatisfaction with the county-wide library program. Substantial conflicting evidence was presented by the county and the trial court basically reached a factual determination on conflicting evidence. The findings of the trial court will not be disturbed on appeal if supported by competent substantial evidence. LaCroix v. Higgins, 289 So.2d 743 (Fla. 4th DCA 1974). *699 Appellants' argument is basically one of dissatisfaction with the existing library system. The fact that appellants might prefer a different system as a matter of policy does not mean that the municipal residents themselves do not receive real and substantial benefit. The trial court is, therefore, affirmed in this regard.

II. INTERVENTION
Appellants contend the trial court should not have allowed intervention by additional parties after this case was remanded from the Supreme Court. Appellants rely on Coast Cities Coaches, Inc. v. Dade County, 178 So.2d 703 (Fla. 1965), for the proposition that an intervening party is bound by the record and must take the suit as he finds it. We do not find intervention in the instant situation to be contrary to this settled rule. Here, as the trial court noted in its final judgment, a completely new suit with completely changed factual circumstances was involved. Indeed, in the first suit, the county had been contending that the Sheriff's road patrol was of benefit to municipal residents; whereas, in the second suit, the county had reversed its position and stipulated that the road patrol was of no benefit to city dwellers. This clearly made appropriate intervention by owners of lands in unincorporated areas. The county had previously embraced the position of such residents. In the second trial the county took a completely different position. In City of St. Petersburg v. Briley, Wild & Associates, Inc., supra, the court allowed individual taxpayer intervention. This case had started out as a friendly suit to determine the county's right to pay a particular bill. Intervention by the individual taxpayers turned the initial controversy into a bitterly contested case regarding appropriate taxation for a regional sewage facility. In Hardwick v. Metropolitan Dade County, 256 So.2d 387 (Fla. 3d DCA 1972), the court allowed intervention by certain civic clubs after entry of a final order and over objection that the interest of these intervenors was insufficient. In the instant situation intervention was before final judgment and the interest of the intervenors was real and substantial. Florida Rule of Civil Procedure 1.230 governs intervention and does not indicate any impropriety as to intervention here. Indeed, intervention has been common in tax cases in the past as indicated above. The claim actually asserted by the intervenors was one based on an omission of a certain class of property from taxation as affecting the tax burden on another class of property. In State ex rel. Dofnos Corp. v. Lehman, 100 Fla. 1401, 131 So. 333 (1930), the Florida Supreme Court recognized the interest of all taxpayers in having all taxable property in a county placed on the tax rolls so that it would bear its proportionate share of the expense of government. In this case it was uncontested that the county's failure to tax any municipal property for the expense of the Sheriff's road patrol resulted in this entire expense being placed on the residents of the unincorporated areas in the county. Under all of these circumstances, we find the appellants have failed to demonstrate reversible error in the trial court's allowance of intervention.

III. REJECTION OF STIPULATION
Appellants contend intervenors should not have been allowed to question the stipulation between the county and plaintiffs. Appellants assert that intervenors must take the case as it existed basically at the time of the first appeal. We disagree. At the time of the first appeal the county took the position that the road patrol was of benefit to the cities and that municipal properties should be taxed for this service in addition to the unincorporated areas. Prior to the second trial after remand the city and county agreed that the road patrol was of no benefit to the city dwellers and that municipal properties would not be taxed. In furtherance of this stipulation, the county established a Special Municipal Service Taxing District whereby the entire tax burden of the road patrol was placed on the unincorporated areas of the county. The trial court rejected both the stipulation and the Taxing District and allowed the intervenors to question and litigate *700 the issue of whether the road patrol was of real and substantial benefit to the city dwellers. The basis for this attack was that intervenors' tax burden was substantially increased by not taxing any of the municipalities in the county. As previously stated this sort of an equitable action has been recognized in Florida. State ex rel. Dofnos Corp. v. Lehman, 100 Fla. 1401, 131 So. 333 (1930), and Hackney v. McKenney, 113 Fla. 176, 151 So. 524 (1933). Similar suits by taxpayers have been recognized in numerous foreign jurisdictions. See Annot. 5 A.L.R.2d 578 § 6 (1949).
We do not believe the language in the Supreme Court's opinion regarding the trial court intervening in a settlement was intended to foreclose litigation of this issue by the intervenor who was not a party to the original action.[3] The stipulation here was not a purely governmental or legislative decision. It was, instead, an attempt to settle a disputed issue in a particular lawsuit for a particular tax year. The stipulation provided it would apply to all residents of the county regardless of the location of their residence. We do not believe such language could foreclose intervenors who are residents of unincorporated areas from attacking the stipulation. Even if the trial court had not allowed the issue to be litigated, it could hardly be said that residents of the unincorporated areas would never have the opportunity to contest the factual stipulation of the county and city in some later litigation. We, therefore, conclude that appellants have failed to demonstrate reversible error in this regard. Under all of the circumstances, the court did not err in allowing trial on the merits of this issue. Rejection of the stipulation was within the Supreme Court's mandate that the trial court "exercise its inherent equitable powers to fashion a suitable remedy for resolution of this controversy."[4]

IV. SHERIFF'S ROAD PATROL
Having allowed intervention and having rejected the stipulation, the trial court proceeded with trial on the factual question of whether the Sheriff's road patrol resulted in real and substantial benefit to the municipalities of the county. Once again, this was a factual question to be determined in accordance with the criterion established in City of St. Petersburg v. Briley, Wild & Associates, Inc., supra. As with the question of libraries, substantial evidence was presented on this issue. The final judgment recites the evidence and appellants do not actually take issue with these factual determinations. It is merely appellants' position that the trial court should never have considered the matter in view of the stipulation. Among many other things, it was shown that the Sheriff's road patrol generally enforced the law in the entire county. The Sheriff served as the chief officer of both the county and circuit courts. In doing so, the road patrol assisted civil deputies in service of process and was involved in service of and enforcement of any court order, whether it related to a municipal resident or a resident living in an unincorporated area. In addition, all of the Sheriff's vehicles were intentionally driven and maintained in such a fashion so as to increase the visibility of the police presence in the municipalities. It was shown and is uncontested on appeal that the Sheriff's road patrol assisted the city police forces when called upon to do so. Further, by limiting crime in the unincorporated areas adjoining the municipalities the road patrol was of substantial assistance to the municipal police and residents in the contiguous cities. We conclude that the trial court's factual finding of benefit of a real and *701 substantial nature is supported by competent substantial evidence and same is hereby affirmed.

V. REFUNDS
The trial court denied all requests for refunds of improperly collected taxes. Only plaintiffs/appellants contest this finding on appeal. We affirm. The only taxes actually improperly collected here were in the area of emergency medical services and neighborhood parks. Taxes attributable to the emergency medical services program were only improperly collected in those towns which had rejected the county-wide program and were providing their own emergency medical programs. The taxes attributable to an unknown number of neighborhood parks were the only county-wide taxes in question.
In denying the request for refunds herein, we believe the trial court properly exercised its inherent equitable powers. One of the major considerations in such a determination is whether the taxing authority acted in good faith. In this regard, the Supreme Court decision in Gulesian v. Dade County School Board, 281 So.2d 325 (Fla. 1973), is persuasive. Also see, Coe v. Broward County, 358 So.2d 214 (Fla. 4th DCA 1978). In the instant situation the evidence is clear that the county exercised good faith and there is no assertion to the contrary. Further, there was total failure of proof as to the amounts of taxes in question or as to identification of those who should receive refunds.
We would conclude by stressing the continued existence of the provision in the Florida Constitution which prohibits the taxation of municipal property for services rendered exclusively for the benefit of unincorporated areas. With this provision we cannot, and do not, disagree. Accordingly, this decision is limited to the facts, taxable years and circumstances of this particular case and should not be hailed as a precedent, providing "carte blanche" approval of any tax levied on municipal property. The relationship between individual cities and counties and the services provided by county agencies to municipal residents will continue to change based upon development and expansion of areas and programs. What has been proper for any given tax period is subject to appropriate change and re-evaluation.
Having considered all matters presented by appellants, we conclude the order of the trial court is in accordance with law and is hereby affirmed.
AFFIRMED.
DOWNEY, C.J., and LETTS, J., concur.
NOTES
[1] The test of "real and substantial benefit" was established by the Supreme Court of Florida in City of St. Petersburg v. Briley, Wild & Associates, Inc., 239 So.2d 817 (Fla. 1970).
[2] It should be noted that this appeal presents no question as to the procedures of Chapter 125, Florida Statutes (1973), as was involved in Manatee County v. Town of Longboat Key, 352 So.2d 869 (Fla. 2d DCA 1977).
[3] The Supreme Court stated, "If such a settlement is now possible, the courts should not intervene." Alsdorf v. Broward County, 333 So.2d 457, 461 (Fla. 1976).
[4] The trial court also relied upon a particular Broward County charter provision in rejecting the county's establishment of the Special Municipal Service Taxing District. We find it unnecessary to reach this issue in view of our affirmance of trial court's finding that the road patrol did result in real and substantial benefit to the city dwellers. The trial court also buttressed its rejection of the stipulation by a finding of uncertainty as to precisely what budgetary items were involved in the road patrol. Once again, we find it unnecessary to reach this issue.