383 So.2d 671 (1980)
The CITY OF ORMOND BEACH, Appellant,
v.
COUNTY OF VOLUSIA, Appellee.
No. OO-487/T1-150.
District Court of Appeal of Florida, Fifth District.
April 16, 1980.
Rehearing Denied May 19, 1980.
*672 Henry P. Duffett, Ormond Beach, for appellant.
William K. Howell, Jr., Deland, for appellee.
UPCHURCH, Judge.
Appellant, the City of Ormond Beach, appeals a final judgment of the Circuit Court for Volusia County which held that Volusia County could levy a library tax against property situate within the city boundaries.
We AFFIRM.
The points raised by the City may be summarized in the following question:
May the County levy a library tax on taxable properties within the boundaries of Ormond Beach when the City of Ormond Beach operates its own library?
The City of Ormond Beach, together with other Volusia County municipalities and Volusia County, operated a federated county system of libraries from 1965 to 1973. Under this arrangement, each city contracted to become a part of the federated system and operated their respective libraries with virtual autonomy. The County provided some technical and support services and funding.
In 1970, Volusia County adopted a Home Rule Charter granting to it all powers of local self-government not inconsistent with general law. In 1972, the County established a county-wide unified library system in which all cities then operating libraries joined, except Ormond Beach. The cities which joined lost their authority to manage the library function and to make financial decisions regarding library affairs.
The City contends that the Volusia County Charter, section 202.1, Chapter 70-966, Laws of Florida,[1] prevents the County from assuming the library operation within Ormond Beach because the City performs that function and has not requested the County to assume it and therefore a county tax on city property is improper. It is the County's position, and the trial court so found, that no transfer of powers was involved since both entities are exercising their respective powers within their respective jurisdictions and each is assessing taxes for different services.
Initially, both the City and County have cited Dressel v. Dade County, 219 So.2d 716 (Fla. 3d DCA 1969) wherein municipal taxpayers attempted to prevent the County from collecting taxes in any city in Dade County which furnished its own fire protection. There, as here, both the cities and the county were authorized to perform the service. The court stated that while some disparity in benefits existed, if the County Fire Department stood ready, willing and able to perform the service upon request to those municipalities with their own fire departments, then the tax would be proper. The decision of the trial court was affirmed. The court attached considerable significance to the County's apparent willingness to provide fire protection services, wholly or partially, to any municipality that wanted them. The court stated that it was comparable to the situation where a taxpayer enrolls his child in a private school and then *673 decides to send the child to a public school. Should the public school refuse to admit the child the taxpayer would have a legitimate grievance and a sound cause of action. Dressel implies that if Volusia County is ready, willing and able to provide library services to Ormond Beach, the instant tax would be valid.
As for section 202.1, a reasonable interpretation of it is that where a service is being performed by a city, the county may not assume it unless requested. Here, the County has not assumed a city service because the City continues to operate its own system under authority of section 166.021, Florida Statutes, and the County operates its own system as authorized by article VIII, section 1(g), Florida Constitution, and section 125.01(1)(f), Florida Statutes.
The City also relies upon Sarasota County v. Town of Longboat Key, 355 So.2d 1197 (Fla. 1978) which dealt with an attempted transfer of functions via amendment to the County Charter from municipalities to the County. Such a transfer would have divested the municipalities of any power over such functions and would have given the County absolute and exclusive power to exercise such functions. That is not the circumstance in the case before us.
Next the City contends that there is a conflict between city and county budget appropriation ordinances because both provide funds for library operations. If such a conflict exists, the city ordinance will prevail within the City because section 1305 of the Volusia County Charter provides:
Notwithstanding any further provisions of this Charter, any county ordinance in conflict with a municipal ordinance shall not be effective within the municipality to the extent of such conflict, regardless of whether such municipal ordinance was adopted or enacted before or after the county ordinance... . In the event a county ordinance and a municipal ordinance shall cover the same subject matter, without conflict, then both the municipal ordinance and the county ordinance shall be effective, each being deemed supplemental to the other.
The trial court correctly found that the budget ordinances are not in conflict, but rather cover the same or similar subject matter without conflict. In other words, two assessments are being levied for two significantly different library functions, one serving the basic needs of Ormond Beach and the other serving the needs of the entire County, including Ormond Beach. Therefore, as the trial court reasoned, the ordinances are each effective and merely supplement each other within the City. The City failed to establish a clear irreconcilability between the city and county appropriations.
The third contention of the City is based on article VIII, section 1(h), Florida Constitution, which provides:
Property situate within municipalities shall not be subject to taxation for services rendered by the county exclusively for the benefit of the property or residents in unincorporated areas.
This provision developed out of the broad proposition that imposition of an ad valorem tax without any compensatory advantage to the taxpayer will invalidate such tax. State ex rel. Davis v. Stuart, 97 Fla. 69, 120 So. 335, 349 (1929).
The "exclusive benefit" language of article VIII, section 1(h), was examined in City of St. Petersburg v. Briley, Wild & Assoc., Inc., 239 So.2d 817, 822 (Fla. 1970). The Florida Supreme Court held that section 1(h) prohibits ad valorem taxation within a city for any services where no real or substantial benefit accrues to city property from such services. The court explained that it is sufficient if the benefits are found to be real and substantial and not merely illusory, ephemeral and inconsequential.
The trial court in Alsdorf v. Broward County, 373 So.2d 695 (Fla. 4th DCA 1979) applied the Briley test and determined that municipal residents gained real and substantial benefits from a county-wide library system. In affirming, the Fourth District Court of Appeal stated that just because a different system might be preferred as a matter of policy does not mean municipal *674 residents do not receive real and substantial benefit.
Judge Nelson, in the case before us, ably and exhaustively reviewed the method of operation of Ormond Beach's library and the County System. He carefully distinguished between a library established in an unincorporated area for the use and benefit of area residents which conceivably could result in an absence of real and substantial benefit to city residents and the instant situation where the county-wide system serves residents of municipalities and unincorporated areas alike. There are numerous instances where there is a disparity of services between one area of a county and another. Municipalities have their own police but city residents are also taxed for the services of the Sheriff. Cities maintain their own road system, but properties within the city can also be taxed for maintenance and installation of county roads outside of the city. Many residents may never use the services of the Sheriff or travel the county roads, but they are available for use by the city resident as well as those who live outside the city. In the case before us, the trial judge found the county library system was not a duplication of the city library, but in fact, offered many services which the City did not. He found that the county library system rendered a real and substantial benefit to the residents of the City as well as to the County.
While the purpose of article VIII, section 1(h), Florida Constitution, is to prevent double taxation of municipally-situated property for a single benefit, see City of St. Petersburg v. Briley, Wild & Assoc., Inc. at p. 822, the trial court in the case at bar found no double taxation existed since the taxes assessed by the City and County were not for the same services.
There was competent and substantial evidence to support the findings of the trial court. They should not be disturbed on appeal. Alsdorf v. Broward County, 373 So.2d 695 (Fla. 4th DCA 1979).
AFFIRMED.
DAUKSCH, C.J., and CROSS, J., concur.
NOTES
[1] The Council shall by ordinance have the authority to assume and perform all functions and obligations now or hereinafter performed by any municipality, ... whenever such municipality ... shall request the performance or transfer of the functions to the county.