385 So.2d 177 (1980)
HILLSBOROUGH COUNTY SCHOOL BOARD and Insurance Company of North America, Appellants,
v.
Peter Louis PEREZ, a Minor, by and through His Parents and Next Friends, Evelio Perez and Velia Perez, Evelio Perez and Velia Perez, Individually, Walter Molkenthin, a Minor, by and through His Parents and Next Friends, Paul W. Molkenthin and Irmgardt Molkenthin, and State Farm Fire & Casualty Company, Appellees.
No. 79-1109.
District Court of Appeal of Florida, Second District.
July 2, 1980.
Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellants.
Joel D. Eaton and Walter H. Beckham, Jr. of Podhurst, Orseck & Parks, Miami, and Wagner, Cunningham, Vaughan, Genders & McLaughlin, Tampa, for appellees Perez.
Gary S. Rabin of Lane, Massey, Trohn, Clarke, Bertrand & Smith, for appellees Molkenthin and State Farm Fire and Cas. Co.
BOARDMAN, Judge.
Hillsborough County School Board and its insurer, Insurance Company of North *178 America, two of the defendants below, appeal a final judgment against them and in favor of plaintiffs/appellees Peter, Evelio, and Velia Perez. We affirm in part and reverse in part.
The minor plaintiff, Peter Perez, was accidentally injured by a shotput thrown by a schoolmate, Walter Molkenthin, during practice. Peter's parents, both individually and on Peter's behalf, sued Walter, Walter's parents, and Walter's parents' insurer. They also sued appellants on a theory of negligent supervision. The case was tried by jury. The jury found that neither Peter nor Walter was negligent; that the school board was 100% negligent; that Peter's damages were $150,000; and that his parents' damages were $20,000. Final judgment was entered in accordance with the jury's verdict. Appellants' motions for remittitur and for new trial were denied. This appeal followed timely.
On this appeal appellants challenge both the determination of liability and the amounts of the damage awards. We see no basis for disturbing the jury's finding on the issue of negligence or its assessment of Peter's damages. However, we agree that the amount of the damages awarded to Peter's parents is not supported by the evidence. The jury was authorized to consider only two elements of damages to Peter's parents: (1) past medical expenses resulting from the accident and the future medical expenses for the few months until Peter became eighteen years old and (2) the loss of any services to the parents until Peter became eighteen years old. Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225 (1926); City Stores Co. v. Langer, 308 So.2d 621 (Fla. 3d DCA), cert. dismissed, 312 So.2d 758 (Fla. 1975).
Peter was fourteen years old at the time of the accident, seventeen at the time of trial. The uncontroverted evidence of his past medical expenses established a total expense of $5,815.65.
As to future medical expenses, two clinical psychologists testified that Peter needed future psychological treatment, and there was evidence from which the jury could have found that Peter's need for psychological counseling was due in large part to the restrictions on his physical activities made necessary by the injury he had received in the accident. However, the only testimony as to the cost of the treatment indicated was the estimate of one of the psychologists that the maximum cost would be $60 per week. Assuming Peter's parents to be responsible for such treatment for the period of less than one year until Peter became eighteen, the evidence would support an award of a maximum of approximately $3000 for future medical expenses.
There was no testimony establishing that the parents had sustained any significant loss of Peter's services or that they would sustain any significant loss of services in the short period of time until Peter became eighteen, although Peter may have done a few minor chores around the house prior to the accident. Indeed, plaintiff's counsel admitted during closing argument that: "The loss of services around the house, I don't think we have very much proof of that." Plaintiffs' counsel suggested a figure of $240 for loss of services.
We conclude that the evidence presented to the jury will not support an award to the parents greater than $10,000. We therefore vacate the award of damages to Peter's parents and remand for a remittitur to $10,000 or a new trial on only this issue at the parents' option. The judgment is otherwise affirmed.
SCHEB, C.J., and OTT, J., concur.