Mr. Robert J. Schramm County Attorney Taylor County Post Office Box 620 Perry, Florida 32347
Dear Mr. Schramm:
This is in response to your request for an opinion on substantially the following question:
 1. DOES THE BOARD OF COUNTY COMMISSIONERS HAVE THE AUTHORITY UNDER CH. 418, F.S., TO PLACE ON THE BALLOT THE QUESTION OF WHETHER THE PEOPLE OF TAYLOR COUNTY WANT A COUNTYWIDE RECREATION PROGRAM AND LEVY AN ANNUAL TAX OF NOT MORE THAN 1 MILL ON EACH DOLLAR OF ASSESSED VALUATION OF ALL TAXABLE PROPERTY WITHIN THE BOUNDARIES OF THE COUNTY FOR THE CONDUCT AND MAINTENANCE OF A SUPERVISED RECREATION PROGRAM?
 2. IF THE FIRST QUESTION IS ANSWERED IN THE AFFIRMATIVE, COULD SUCH ELECTION BE LIMITED TO THE QUALIFIED ELECTORS OF THE COUNTY WHO ARE FREEHOLDERS?
Your first question is under the authority granted by Part I of Ch. 418, F.S., can the board hold the referendum and levy the annual tax. Part I of Ch. 418, F.S., provides for county playgrounds, recreation centers and other recreational facilities, and for the establishment of a system of supervised recreation.
Section 418.08, F.S., provides the authority for a petition signed by the qualified and registered electors on the question of a supervised recreation system in the county:
 Whenever a petition signed by at least 5 percent of the qualified and registered electors in such municipality or county shall be filed with the governing body of such municipality or county, requesting the governing body of such municipality or county to provide, establish, maintain and conduct a supervised recreation system and to levy an annual tax for the conduct and maintenance thereof of not more than 1 mill on each dollar of assessed valuation of all taxable property within the corporate limits or boundaries of such municipality or county, the governing body of such municipality or county shall cause the question of the establishment, maintenance and conduct of such supervised recreation system to be submitted to the qualified electors who are freeholders, to be voted upon at the next general or special election of such municipality or county; provided, however, that such question shall not be voted upon at the next general or special election unless such petition shall have been filed at least 30 days prior to the date of such election. (e.s.)
This statute provides the authority for the electorate to initiate the procedures for the establishment and maintenance of a supervised recreation system, and to provide the funding for such recreation system by the levying of an annual tax for the conduct and maintenance thereof not to exceed one (1) mill on each dollar of assessed valuation of all taxable property within the counties. Neither this statute nor any other section of Ch. 418, F.S., contains a provision for the board of county commissioners to independently place on the ballot the question of whether the electors want a supervised recreation system. When a statute expressly provides the manner in which a thing is to be done, it impliedly prohibits the thing from being done in a different manner. While the law does not in express terms prohibit the doing of a thing in a different manner, the fact that the law has prescribed the manner in which the subject matter shall be done is itself a prohibition against a different manner of doing it. See, In re Advisory Opinion of Governor Civil Rights, 306 So.2d 520
(Fla. 1975); Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); State ex rel. Reno v. Barquet, 358 So.2d 230 (3 D.C.A. Fla., 1978). Therefore, when the statute prescribes the manner of doing an act, the manner prescribed is exclusive, and it is beyond the power of local governing bodies to carry-out the law in a different manner. Thus, it would appear that a board of county commissioners does not have the authority under s 418.08 or any other provision of Part I of Ch. 418, F.S., to independently place on the ballot the question of whether the electors want a countywide supervised recreation program in the absence of a petition signed by at least 5 percent of the qualified and registered electors in such county.
Section 125.01(1)(f), F.S., however, empowers the county to provide parks, playgrounds, recreation areas and other recreation facilities and programs. These statutorily authorized services and facilities therefore clearly constitute "county purposes." Section125.01(1)(r), F.S., among other things, authorizes the board of county commissioners to levy and collect taxes for such county programs and services and provides that "[t]here shall be no referendum required for the levy by a county of ad valorem taxes" for such county purposes. See also, subsections (1)(w) and (3)(b) of s 125.01, F.S. But the county may not levy a tax on property within municipalities for services rendered by the county exclusively for the benefit of the property or residents in the unincorporated area. Section 1(h), Art. VIII, State Const. But see, City of Ormond Beach v. County of Volusia, 383 So.2d 671 (5 D.C.A. Fla., 1980) (fact that city was providing library service did not show that city residents would receive no benefit from county library system so as to preclude the county from taxing property in the city to support the county library system); Alsdorf v. Broward County, 373 So.2d 695 (4 D.C.A. Fla., 1979). And see, Tele-Media Co. of Key West v. Monroe County,391 So.2d 375 (3 D.C.A. Fla., 1980) (no statutory requirement to have expenditures for county recreational purposes approved by referendum, citing, s 125.01[f] and [w], [3][b], F.S.); Cable-Vision, Inc. v. Freeman, 324 So.2d 149 (3 D.C.A. Fla., 1975) (county had authority under constitutional self-government and under s 125.01[1][f], [1][w] and [3][b], F.S., to construct, maintain and operate television broadcast translator stations). Cf., Palm Beach County v. Town of Palm Beach, 426 So.2d 1063 (4 D.C.A. Fla., 1983) (municipalities failed to sustain burden of proving that they received no real and substantial benefit from neighborhood parks not located within boundary of the municipalities under constitutional provision prohibiting taxation without benefit).
In view of the provisions of s 125.01, F.S. and the above cited judicial decisions, I conclude that the county may provide parks, playgrounds, recreation areas and other recreational and cultural facilities and programs, or "countywide recreation program," on a countywide basis and levy and collect countywide taxes therefor and no referendum is required for the levy of such countywide taxes.
QUESTION TWO
Since your first question is answered in the negative, it is unnecessary that I respond to this question. See, however, State v. City of Miami Beach, 245 So.2d 863 (Fla. 1971) on the issue of limiting referendums to freeholders.
It is therefore my opinion that the board of county commissioners of Taylor County does not have the authority under s 418.08, F.S., or any other provision of Part 1 of Ch. 418, F.S., to independently place on the ballot the question of whether the electors want a countywide supervised recreation program in the absence of a petition signed by at least five percent of the qualified and registered electors in the county and filed with the governing body of the county as provided in s 418.08, F.S. However, the board does have the authority under s 125.01, F.S., to establish and maintain a countywide recreation program and levy and collect countywide taxes therefor; no referendum is required for the levy of such countywide taxes.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General