PER CURIAM.
Once the trial court determined that the Department of Revenue was entitled to collect a sales rental tax pursuant to Sec. 212.031, Fla.Stat. (1981)[1] it erred in denying the Department the right to collect *177 back taxes for a 3 year period pursuant to Sec. 212.14(6), Fla.Stat. (1981).[2]
The appellee urges that retroactive application should not be permitted because of denial of equal protection, estoppel or selective enforcement. Under the pleadings and record in this case we find none of these positions sustainable. State ex rel. Dofnos Corporation v. Lehman, 100 Fla. 1401,131 So. 333 (1930); Department of Revenue v. Hobbs, 368 So.2d 367 (Fla. 1st DCA 1979); Village of Arlington Heights v. Metropolitan Housing Development Corporation, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); Liggett Company v. Lee, 288 U.S. 517, 53 S.Ct. 481, 77 L.Ed. 929 (1932).
Therefore, the final judgment under review is affirmed, insofar as it sustained the Department’s right to collect the tax, but is reversed in denying the department the right to collect 3 years back taxes pursuant to Sec. 212.14(6) Fla.Stat. (1981).
Affirmed in part and reversed in part.

.212.031 Lease or rental of real property.—
(1)(a) It is declared to be the legislative intent that every person is exercising a taxable privilege . who engages in the business of renting, leasing, or letting any real property unless such property is:
1. Assessed as agricultural property under s. 193.461.
2. Used exclusively as dwelling units.
3. Property subject to tax on parking, docking, or storage spaces under s. 212.03(6).
(b) When a lease involves multiple use of real property wherein a part of the real property is subject to the commercial rental tax herein, and a part of the property would be excluded from the tax under subparagraphs 1., 2., or 3. of paragraph (a), the department shall determine, from the lease and such other information as may be available, that portion of the total rental charge which is exempt from the tax imposed by this section.
(c) For the exercise of such privilege, a tax is levied in the amount equal to 4 percent of and on the total rent charged for such real property by the person charging or collecting the rental.
******
(2)(a) The tenant actually occupying, using, or entitled to the use of any property the rental from which is subject to taxation under this section shall pay the tax to his immediate landlord or other person granting the right to such tenant to occupy or use such real property.
******
(3) The tax imposed by this section shall be in addition to the total amount of the rental and shall be charged by the lessor or person receiving the rent in and by a rental arrangement with the lessee or person paying the rental and shall be due and payable at the time of the receipt of such rental payment by the lessor or other person who receives the rental or payment. The owner, lessor, or person receiving the rent shall remit the tax to the department at the times and in the manner hereinafter provided for dealers to remit taxes under this chapter. The same duties imposed by this chapter upon dealers in tangible personal property respecting the collection and remission of the tax, the making of returns, the keeping of books, records, and accounts, and the compliance with the rules and regulations of the department in the administration of this chapter shall apply to and be binding upon all persons who manage any leases or operate real property, hotels, apartment houses, roominghouses, tourist and trailer camps, and to all persons who collect or receive such rents on behalf of such owner or lessor under this chapter.
(4) The tax imposed by this section shall constitute a lien on the property of the lessee of any real estate in the same manner as, and shall be collectible as are liens authorized and imposed by ss. 713.68 and 713.69.
(5) No money paid to a merchants’ association by a lessee shall be considered rent for the purposes of this section, whether or not the payment of the money to the association is a condition of the lease. As used in this subsection, "merchants’ association” means a corporation not for profit organized and existing for the sole and exclusive purpose of promoting the businesses of a group of merchants.
(6) When space is subleased to a convention or industry trade show in a convention hall, exhibition hall, or auditorium, whether publicly or privately owned, the sponsor who holds the prime lease is subject to tax on the prime lease and the sublease is exempt.

. Section 212.14.
(6) The amount of any tax imposed under this chapter may be determined and assessed within 3 years after the first day of the month following the date on which the tax becomes due and payable. However, this limitation shall be tolled by a request for inspection and examination of a dealer’s books and records by the department within that period, in which event the period for which tax due may be determined and assessed shall be the 3 years immediately preceding the first day of the month in which a request for inspection and examination of the books and records has been made by the department.