636 So.2d 731 (1993)
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Appellant,
v.
James William Merle PRICHARD, By and Through MIDATLANTIC NATIONAL BANK AND TRUST COMPANY/FLORIDA, as Guardian of the Property of James William Merle Prichard, a minor, and William Lewis, Appellees.
No. 92-0551.
District Court of Appeal of Florida, Fourth District.
September 1, 1993.
Order Denying Rehearing February 23, 1994.
*732 Love Phipps of Corlett, Killian, Ober & Levi, P.A., Miami, for appellant.
Christopher Lynch of Angones, Hunter, McClure, Lynch & Williams, P.A., Miami, Warner B. Miller of Law Offices of Warner B. Miller, and Jack Whitelock, Jr., Fort Lauderdale, for appellees.
WARNER, Judge.
Provident Life and Accident Insurance Company appeals a trial court's order denying intervention in personal injury litigation involving the child of its insured and a tortfeasor. Improvidently, the order was handed down two days prior to the issuance of Union Central Life Ins. Co. v. Carlisle, 593 So.2d 505 (Fla. 1992), which held that an insurance company could intervene under certain conditions in its insured's tort litigation in order to protect its subrogation interest. Based on Union Central, we reverse.
Provident's motion to intervene arose out of a personal injury claim filed by the minor plaintiff James Prichard, Jr. James sustained irreversible brain damage when he was playing at his grandparents' home and fell into the swimming pool. Provident paid James, Jr.'s medical expenses under the health insurance policy issued to James, Sr. James' father sued the grandparents on behalf of his son and for himself individually. Count I sought damages on behalf of the minor for his personal injuries and the cost of his medical treatment. Count II sought recovery by the father of his medical bills and services. In answering the complaint, the grandparents raised comparative negligence as a defense.
By the time the case came to trial, the father had voluntarily dropped his individual claim which we are told was to avoid the comparative negligence defense being asserted. Nevertheless, at trial the minor's counsel (who also had represented the parents) introduced the minor's past medical bills into evidence, and the jury was instructed to consider as damages the reasonable value of past medical care. It does not appear that defendant raised any objection to this. The jury awarded the minor $7,146,000, which included $980,000 in past medical bills.
A final judgment was entered reflecting the verdict. However, both parties timely moved for new trials. Before the initial motions were heard, the defendant moved to amend his motion for new trial to assert that it was fundamental error to include in the award the amount of past medical expenses, *733 since that amount could be recovered solely by the parents, who had voluntarily dismissed their claim. Two days later, Provident filed its motion to intervene claiming that its interest in the pending proceeding arose from its payment of past medical bills on behalf of the minor in an amount in excess of $800,000. It alleged that it had not become aware of the pending litigation until after the trial, but that it had both contractual and equitable rights of subrogation. Five days later, after a hearing called both on the motions for new trial and the motion to intervene, the trial court denied the motion to intervene, granted the motion for new trial in that it deleted the past medical expenses, signed an amended final judgment to that effect, and then approved a settlement between plaintiff and defendant for $3,000,000. Provident filed a notice of appeal from the order denying the motion to intervene.
In Union Central Life Ins. Co., the court held that an insurance company could not be permitted to interfere with or even participate in a trial between a claimant and the tortfeasor, but that it must be given a meaningful opportunity to assert and protect its interests. To resolve the conflict between these two demands the court established a two step process.
First, the court should determine that the interest asserted is appropriate to support the intervention. Then the court must determine the parameters of the intervention. In applying that analysis to the facts of the case the court stated that Union Central had established its right of intervention:
Under the facts of this case, including, among other things, the contractual language requiring repayment of medical expenses recovered from the lawsuits as well as the substantial amount of those expenses, Union Central has demonstrated the requisite interest entitling it to intervene. Because the right to intervene is limited only to the extent of that interest, Union Central may monitor the trial as a spectator, but it cannot participate in any way other than to make appropriate motions to protect its interests (footnote omitted). Union Central also has the right to be heard prior to the distribution of any judgment or settlement proceeds and may appeal the trial court's decision on this point.
Id. at 508. We will analyze Provident's right of intervention using the Union Central analysis.
The appellees first claim that intervention was inappropriate because it was requested post-judgment. However, the request to intervene was made while timely motions for new trial were pending. Therefore, the judgment was not final, in that both parties had requested a new trial. See Hardwick v. Metropolitan Dade County, 256 So.2d 387 (Fla. 3d DCA 1972). Moreover, Provident's interest had been protected by the plaintiff obtaining a judgment for past medical expenses, and it was only the post-judgment efforts of plaintiff and defendant to delete that award which threatened Provident's interests. Finally, Provident alleged that it did not know about the suit until after the final judgment was entered. If so, it would be a harsh rule to fail to consider its intervention motion. See e.g., Kearney v. Saline, 208 So.2d 650 (Fla. 1st DCA 1968). Therefore, the motion should have been considered on its merits.
The dispute in this case turns on the first step of the analysis, namely whether Provident had a sufficient interest to protect to support intervention. We think it did. Provident had paid out over $800,000 in medical expenses incurred by the minor child under the father's health insurance policy. That policy provided that:
Medical care benefits are not payable to or for a person covered under this Plan when the Injury or Illness to the covered person occurs through the act or omission of another person. However, the Provident may elect to advance payment for medical care expenses incurred for an Injury or Illness in which a third party may be liable. For this to happen, the covered person must sign an agreement with Provident to pay the Provident in full any sums advanced to cover such medical expenses from the judgment or settlement he or she receives.
*734 While it is undisputed that Provident did not obtain such agreement from the minor's father, it nevertheless paid out benefits on behalf of the minor. In Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985 (4th Cir.), cert. denied, 498 U.S. 982, 111 S.Ct. 512, 112 L.Ed.2d 524 (1990), the Fourth Circuit interpreted a comparable policy provision and determined that the equitable theory of unjust enrichment applied to effectuate the clear intent of Provident's policy to avoid the insured's receipt of a double recovery.
Here, however, it was the minor's guardian, not the parent and insured, who recovered the past medical expenses from the tort-feasor. Appellee contends that because only the parent can recover for medical expenses, the court was correct in amending the final judgment to delete recovery for the past medicals, and thus Provident has no interest to protect. While it has been held that a parent has an independent right of action for recovery of the cost of the minor's medical care, see Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956), we could find no case which prohibits the claim for past due medical expenses to be tried and adjudicated in the minor's suit where neither the parent nor the opposing party objected to its inclusion. In cases from across the country, it appears that a parent may waive his individual claim for expenses when the claim is brought as part of the minor's suit within his control and his knowledge and absent his objection. See Garrison v. Ryno, 328 S.W.2d 557 (Mo. 1959).
White v. Moreno Valley Unified School District, 181 Cal. App.3d 1024, 226 Cal. Rptr. 742 (1986), is the most factually similar case found. In White, the minor pled for his past medical expenses, and defense counsel successfully moved in limine to exclude such evidence because the mother was no longer a party as her claim was voluntarily dismissed. On appeal, the court held that a cause of action to recover medical expenses incurred on account of the minor's personal injuries does not belong exclusively to the parents, but, rather, belongs to both parents and minor. Id. 226 Cal. Rptr. at 745, citing Bauman v. San Francisco, 42 Cal. App.2d 144, 108 P.2d 989 (1940), superceded by statute on other grounds, Brown v. Poway Unified School District, 4 Cal. 4th 820, 15 Cal. Rptr.2d 679, 843 P.2d 624 (1993). The California court noted that where the parents bring the action solely as guardians, and the medical bills have not been paid but have been pled by the minor, there is a waiver of the parents' rights, and at least where contributory negligence of the parents is not asserted as a defense, the child may properly recover those items. Id. 226 Cal. Rptr. at 745.
It would seem that White and Garrison state the better view regarding recovery of medical expenses, especially in today's climate of direct payment of medical expenses by insurance companies and governmental agencies (medicaid) to health care providers on behalf of a parent's minor child. Nevertheless we do not have to decide directly whether the minor may assert a claim for medical expenses over the objection of the defendant, because here the defendant did not object. Therefore, this case is governed by Bould v. Touchette, 349 So.2d 1181 (Fla. 1977). In that case a jury awarded an element of damages to the estate of a decedent which it could not recover under the survival statute. The element of damage was pled by the plaintiff and tried without objection by defendants. The jury was instructed on the element, and an award was made. Under these circumstances, any error was strictly invited by the defendant's failure to properly object at trial. The court held that "A party cannot complain on appeal of the adoption of a rule of damages in accordance with the theory upon which he tried the cause, although it was the wrong rule." Id. at 1186. Therefore, the court held that there was error in the element of damages but it was not fundamental error and thus not reversible.
Similarly, in the instant case the parties tried the issue of past medicals in the minor's claim by consent. At the hearing on the new trial, the plaintiff merely conceded that maybe a mistake had been made and that they should not collect for past medicals, never arguing the waiver of the issue by defendants. This was all clearly to the prejudice of Provident who would stand to lose directly if the past medicals were not included *735 in the judgment. It appears from the hearing that the plaintiff and the defendant were most interested in effecting a settlement of the case, and the past medicals were merely a matter that needed to be cleared up in order to make the settlement work. At that point since the plaintiff was doing nothing to protect Provident's very substantial interest, Provident had every right to request intervention. Its attorney tried to make these very arguments to the trial court. However, the other parties objected because Provident had not intervened in the action.
Given Provident's substantial interest and the fact that the secondary concern expressed in Union Central was not implicated, namely the insured's right to control the litigation, the trial court abused its discretion by denying Provident's request to intervene. Its interest was being directly jeopardized by the post-verdict settlement attempts by the parties. They were affirmatively trying to eliminate Provident's potential recovery by deleting a portion of the award which had been pled and tried by the consent of both parties. That is the very right which the Supreme Court determined that Union Central determined was needing of protection.
The fact that appellees negotiated and effected a settlement and satisfaction of the underlying judgment is no bar to our reversal. Any judgment and satisfaction which does not include a party is ineffective as to its interests. Cf. HCA Health Services, Inc. v. Ratican, 475 So.2d 981 (Fla. 3d DCA 1985). Upon remand we direct the trial court to grant the intervention of Provident. Provident thus becomes a party to the proceedings.
Reversed and remanded for further proceeding consistent with this opinion.
ANSTEAD, J., and OWEN, WILLIAM C., JR., Senior Judge, concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellee's motion for rehearing is denied.
Appellant moves for clarification contending that this court should vacate the final judgment and settlement agreement. That is not necessary. The final judgment and settlement did not include past medical expenses, the same being eliminated erroneously by the order on the motion for new trial. The parties to the final judgment and settlement may be bound as between themselves, but as Provident was not a party to the final judgment or settlement there is no final determination of its rights and interest vis-a-vis the settling parties. Thus, the final judgment is in fact a partial final judgment which does not dispose of the intervention claims of Provident.
The effect of our opinion is to allow Provident to intervene post-verdict to assert its interest in the full verdict for past medical expenses. This it can do without vacating the judgment as between the appellees.
ANSTEAD and WARNER, JJ., and OWEN, WILLIAM C., JR., Senior Judge, concur.