Robert N. Scola, Jr., United States District Judge
On July 22, 2019, the morning the trial in the above styled case was scheduled to begin, the Defendants made an ore tenus objection to the Plaintiff's request for damages based on medical expenses incurred before she reached the age of majority. This case was initiated in 2017 by the Plaintiff's father, Isaac Mizrahi as guardian for Dariana Mizrahi, because Ms. Mizrahi *1136 was a minor. In September 2018, the Plaintiff filed an unopposed motion to substitute Dariana Mizrahi as the plaintiff in this action and remove Isaac Misrahi because she had reached the age of majority. (ECF No. 22.) The Court granted the Plaintiff's motion. (ECF No. 23.) Isaac Mizrahi is not a party to this case. The Defendants now argue that Ms. Mizrahi cannot claim her medical expenses incurred before she reached the age of majority because that claim belongs to her father as the guarantor of her medical bills. The Defendants filed a "Trial Brief" on this issue (ECF No. 116), the Plaintiff responded (ECF No. 118), and the Defendants have replied (ECF No. 119).
Upon review of the authorities submitted by the parties, the Court overrules the Defendants' objection to the Plaintiff's request for medical expenses incurred before she reached the age of majority. The Defendants primarily rely on two cases to assert that Ms. Mizrahi cannot claim medical expenses before she turned 18: Hillsborough Cty. School Bd. v. Perez , 385 So. 2d 177 (Fla. 2d DCA 1980) and Brown v. Caldwell , 389 So. 2d 287 (Fla. 1st DCA 1980). In both cases, however, the minor's parent was a named plaintiff pursing claims on their own behalf. See Hillsborough , 385 So. 2d at 178 ("Peter's parents, both individually and on Peter's behalf sued ...."); Brown, 389 So. 2d at 288-89 ("Margaret Colville, suing individually in the same case, sought recovery of expenditures incurred by her in securing medical treatment for her daughter, together with damages for loss of her daughter's services while a minor."). Both of these cases support the unremarkable proposition that a parent may pursue a claim for medical expenses incurred by their minor child. They do not, however, address the issue of whether a parent may waive their right to these claims by consenting to their child's appearance in the case once she reaches the age of majority.
While there is no Florida law directly on point, the Court finds the discussion in Provident Life and Acc. Ins. Co. v. Prichard , 636 So. 2d 731 (Fla. 4th DCA 1993) persuasive. In Prichard , the court noted that the authority from around the country indicates that "a cause of action to recover medical expenses incurred on account of the minor's personal injuries does not belong exclusively to the parents, but rather belongs to both parents and minor." Id. at 734. When the parent does not assert claims on his own behalf, he "waives his individual claim for expenses when the claim is brought as part of the minor's suit within his control and his knowledge and absent his objection." Id. This reasoning makes most sense in light of "today's climate of direct payment of medical expenses by insurance companies and government agencies (Medicaid) to health care providers on behalf of a parent's minor child." Id. Here, Mr. Mizrahi has not incurred out of pocket expenses for his daughter and has consented to substituting her as the Plaintiff in this case. Because he waived his individual claim for Ms. Mizrahi's medical expenses incurred when she was a minor, Ms. Mizrahi may now pursue them as damages in her case. Accordingly, the Court overrules the Defendant's objection to the Plaintiff's request for medical expenses.
Done and ordered , in chambers, in Miami, Florida on July 23, 2019.